**Richard LEWELLEN,
Plaintiff–Appellant,**

v.

**William MORLEY, et al.,
Defendants–Appellees.**

No. 88–3242.

United States Court of Appeals,
Seventh Circuit.

Argued April 3, 1989.
Decided May 11, 1989.

Timothy J. Touhy, Chicago, Ill., for plaintiff-appellant.

Mark A. Flessner, Asst. U.S. Atty., Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, and CUMMINGS and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

■ Richard Lewellen filed this *Bivens* suit seeking damages on account of his arrest and detention by federal agents in January 1983. Under *Anton v. Lehpamer*, 787 F.2d 1141 (7th Cir.1986), the plaintiff in an action filed in Illinois under 42 U.S.C. § 1983 has five years from the time of the events or two years from the Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (April 17, 1985), whichever comes first, to commence his action. Suits under *Bivens* must meet the same schedule. *Bieneman v. City of Chicago*, 864 F.2d 463, 467–70 (7th Cir.1988). Our suit, filed on March 1, 1988, comes too late by either measure. The district court dismissed this suit as untimely, and we must decide whether Lewellen has an adequate excuse for the delay.

This is Lewellen's second suit arising out of the same events. In the first, *Lewellen v. Dwyer*, filed February 27, 1987, Lewellen's counsel attempted to serve the federal defendants by mailing the complaint under Fed.R.Civ.P. 4(c)(2)(C)(ii) to the Chicago office of the Drug Enforcement Administration. None of the defendants lives there. Unless the defendant returns an acknowledgment within 20 days (none did), counsel must resort to regular service. Three months later counsel tried to serve a subpoena requiring someone from the DEA to appear for a deposition and disclose the addresses of the named defendants. This effort to obtain information—like any other deposition sooner than 30 days after service of process—required leave of court. Fed.R.Civ.P. 30(a). Leave was not forthcoming, because counsel from the Department of Justice appeared and told the judge that the Department had established a mechanism for obtaining addresses and other information without the need for depositions. 28 C.F.R. §§ 16.21–16.29. (These regulations had been brought to the attention of Lewellen's lawyer, first by phone and then by letter, before the hearing.) Lewellen's lawyer disdained this method and did not try any other, such as requesting the marshal to serve the complaint. See *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir.1987). He stood on his demand for a deposition until September 1987, but by then it was too late: the district court dismissed the action against the federal defendants on January 29, 1988, for failure to obtain service within 120 days per Fed.

R.Civ.P. 4(j), finding that the failure to serve was "utterly inexcusable."

The *Dwyer* action remains pending against four employees of the state government. Instead of asking the district court to enter a partial final judgment under Fed.R.Civ.P. 54(b) in favor of the eight federal defendants so that Lewellen could appeal, counsel abandoned that suit (with respect to both state and federal defendants) and filed this one against the federal agents alone. Dismissals under Rule 4(j) are without prejudice, *Powell v. Starwalt*, 866 F.2d 964 (7th Cir.1989), so principles of preclusion do not bar the way. The statute of limitations does. Lewellen tried to dodge this bullet by invoking § 13–208 of the Illinois Code of Civil Procedure, Ill.Rev. Stat. ch. 110 ¶ 13–208, which provides:

(a) [I]f, after the cause of action accrues, [the defendant] departs from and resides out of the state, the time of his or her absence is no part of the time limited [sic] for the commencement of the action.

(b) For purposes of subsection (a) of this Section, no person shall be considered to be out of the State … during any period when he or she is subject to the jurisdiction of the courts of this State with respect to that cause of action pursuant to Sections 2–208 and 2–209 [the long-arm statute] … or any other statute authorizing service of process which would subject that person to the jurisdiction of the courts of this State. If a person files an action in a court of this State and attempts to secure service of process upon a defendant pursuant to a statute referred to in the preceding sentence, but does not obtain service of process upon such defendant, such defendant shall not be considered to be subject to the jurisdiction of the courts of this State at the time such action was filed, for purposes of the preceding sentence of this section....

In *Bivens* actions, as in suits under § 1983, the period of limitations comes from state law. When state law supplies the period of limitations, it also supplies associated tolling and extension rules. *Wilson,* 471 U.S. at 269, 105 S.Ct. at 1943; *Board of Regents*

*v. Tomanio,* 446 U.S. 478, 484–86, 100 S.Ct. 1790, 1795–96, 64 L.Ed.2d 440 (1980); *Cange v. Stotler & Co.,* 826 F.2d 581, 599 (7th Cir.1987) (concurring opinion) (collecting cases); *Del Raine,* 826 F.2d at 706–07. Section 13–208 is such a tolling rule, Lewellen maintains. Because he did not get service on the defendants in *Dwyer,* he insists that the period of limitations has been indefinitely tolled.

The district judge did not agree and dismissed the suit as untimely. 1988 WL 116856, 1988 U.S.Dist. LEXIS 12059 (N.D. Ill.1988). He concluded that Rule 4 is not a "statute referred to in the preceding sentence" for purposes of the last sentence of § 13–208, because Rule 4 does not provide an independent mechanism for serving out-of-state defendants but instead directs the plaintiff to use the mechanisms provided by state law. Fed.R.Civ.P. 4(e). Lewellen disputes this conclusion, but we bypass all debate about the meaning of § 13–208, a statute the district judge found "delphic". The defendants pressed on the district court the contention that § 13–208 does not apply at all in *Bivens* actions. Although the district court did not address the point, it has been raised on appeal and is a ground on which to affirm the judgment. *Massachusetts Mutual Life Insurance Co. v. Ludwig,* 426 U.S. 479, 96 S.Ct. 2158, 48 L.Ed.2d 784 (1976); *Jordan v. Duff & Phelps, Inc.,* 815 F.2d 429, 439 (7th Cir. 1987).

Federal courts resort to state statutes of limitations when there are gaps in federal law. The reference is compulsory in litigation under § 1983, see 42 U.S.C. § 1988, and inevitable in *Bivens* cases. Because Congress did not create the right of action, it also did not enact ancillary rules such as statutes of limitations. *Bieneman* holds that periods of limitations in actions based directly on the Constitution track those under § 1983, so the district court here properly turned to Illinois law.

How *much* state law is absorbed? *Wilson, Tomanio,* and similar cases say that the tolling rules come with the period of limitations. These cases

are best explained not by 42 U.S.C. § 1988 ... but by the inseparability of the time period itself from some (though not necessarily all) other provisions of a state's limitations law. See *Hemmings v. Barian*, 822 F.2d 688, 691 (7th Cir. 1987). The actual generosity of a statute of limitations depends not only on the nominal period within which suit must be brought but on provisions allowing that period to be extended for various reasons, so that if the federal court borrows just the period it may in fact be giving plaintiffs more or less time than the state that enacted the borrowed statute would have thought appropriate in the circumstances.

*Del Raine*, 826 F.2d at 706. Doctrines such as laches, tolling, and estoppel affect the length of time available to sue. They are integral to the complex of rules that makes up the entire period of limitations— "period", not "statute", being the key to understanding.

█ But this is not the whole story. Federal courts absorb state law only when federal law neglects the topic. Even when the right in question lacks statutory support (as with *Bivens*), the Federal Rules of Civil Procedure govern many aspects of federal litigation. Rule 3 provides that a suit is "commenced", and thus the statute of limitations is satisfied, on filing the complaint rather than on attaining service. Rule 4(j) then gives the plaintiff 120 days to obtain service—more if there is "good cause". *West v. Conrail*, 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987), holds that this combination applies to suits based on federal law, which a *Bivens* suit is. In light of Rules 3 and 4(j) there is no deficiency of federal law on questions concerning the relation among filing, service, and the period of limitations. Because "[t]he governing principle is that we borrow only what is necessary to fill the gap left by Congress", *West*, 481 U.S. at 40 n. 6, 107 S.Ct. at 1542 n. 6, federal courts ought not resort to § 13–208 and similar provisions of other states' law. Section 13–208 addresses the effects of failing to obtain service; so does Rule 4(j). Section 13–208 says that the time may be extended indefinitely by unsuccessful attempts to serve defendants who live outside Illinois; Rule 4(j) says that service must occur within 120 days, more only if there is "good cause". The difficulties that may ensue from defendants' absence from the state could be "good cause". To the extent § 13–208(b) allows plaintiffs to tarry even when the delay does *not* amount to "good cause" for purposes of Rule 4(j), however, there is an inconsistency between state and federal law. Federal law wins these contests every time.

Statutes such as § 13–208 show the difficulty in carrying out the program of *Wilson* and *Owens v. Okure*, — U.S. —, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989)—identifying in civil rights cases a single period of limitations "that can be applied with ease and predictability in all 50 States." 109 S.Ct. at 578. See also, e.g., *Anton, Bieneman,* and *Herman v. City of Chicago*, 870 F.2d 400 (7th Cir.1989). Every departure from the entwined doctrines establishing and adjusting the period of limitations has the potential to upset a well-wrought balance between, say, a short time limit and generous tolling rules. See Stephen B. Burbank, *Of Rules and Discretion: The Supreme Court, Federal Rules and Common Law,* 63 Notre Dame L.Rev. 693, 707–09 (1988). Yet mechanical application of all state principles modifying a statute of limitations would come at the expense of national application of the Rules of Civil Procedure and inject needlessly complex questions into suits under federal law. Having identified § 13–208 as an applicable law, counsel still would have to determine whether Rule 4 is an "other statute" for its purposes, a task that may be impossible because § 13–208 does not contemplate service under federal rules. All of this illustrates (if another example be needed) the nettlesome consequences of the absence of a federal statute of limitations for claims arising under federal law.

Statutes such as § 13–208 address problems unique to state litigation. Federal courts, with a national presence, offer persons such as Lewellen the opportunity to litigate wherever the wrongdoers can be found. 28 U.S.C. § 1391(b). If Lewellen thought the long-arm statutes of Illinois

too stingy even when combined with the other options given by Rule 4, he could have filed this suit elsewhere, an option Illinois cannot offer its citizens. No defendant resides "out of state" for purposes of the federal judicial system; § 13–208 simply does not fit into the structure of federal litigation.

Lewellen may be able to reactivate *Dwyer* (subject to the contention that it should be dismissed for failure to prosecute) and maintain on appeal that the Department of Justice gave his counsel the runaround, justifying the delay in obtaining service. Because the district court has not entered a Rule 58 judgment in *Dwyer,* the time to appeal in that case has not started to run. *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). This suit was filed too late unless § 13–208 saves the day.* As § 13–208 does not apply to cases filed under federal law in the federal courts, the judgment is

AFFIRMED.

---

* Counsel for Lewellen insisted at oral argument that service on the DEA's office in *Dwyer* was adequate under Rule 4(d)(5). Adequate service in *Dwyer* might be an argument for relief on appeal in that case but does not support a fresh suit. As it happens counsel is wrong anyway. Rule 4(d)(5) applies to suits against federal agencies and employees acting in their official capacity. *Bivens* suits are individual-capacity suits, and the defendants must be personally served. See *Del Raine;* cf. *Stafford v. Briggs,* 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980). Lewellen also maintains that because *Dwyer* was timely filed, any subsequent suit satisfies the statute of limitations. *Au contraire,* one timely filing does not authorize a string of subsequent suits. Each must satisfy the statute of limitations. See *Powell v. Starwalt.*