Richard LEWELLEN,
Plaintiff–Appellant,

v.

William MORLEY, Robert Smith, Richard Ripley, Patricia Collins, Carl Ekman, Aldo Aurilio, Stanley Grobe, and Robert Fanter, Defendants–Appellees.

No. 89–2398.

United States Court of Appeals,
Seventh Circuit.

Argued May 17, 1990.

Decided Aug. 10, 1990.

Arthur E. Engelland, Timothy J. Touhy, Chicago, Ill., for plaintiff-appellant.

Anton R. Valukas, U.S. Atty., Mark A. Flessner and Nancy K. Needles, Asst. U.S. Attys., Office of U.S. Atty., Civ. Div., Appellate Section, Chicago, Ill., for defendants–appellees.

Before CUMMINGS and KANNE, Circuit Judges, and SNEED, Senior Circuit Judge.*

SNEED, Senior Circuit Judge.

Richard Lewellen once more comes before us in his pursuit of a *Bivens* action

* Hon. Joseph T. Sneed, of the Ninth Circuit, sitting by designation.

against eight federal officers arising out of his arrest and detention in January 1983. This appeal is from a lawsuit filed on February 27, 1987, against state and federal officers, styled *Lewellen v. Dwyer.* On January 29, 1988, the district court dismissed the federal defendants because Lewellen failed to serve them with process within 120 days after filing the complaint as required by Fed.R.Civ.P. 4(j). Lewellen then promptly filed another suit against the federal officers on March 1, 1988. In due course we held, in *Lewellen v. Morley,* 875 F.2d 118, 122 (7th Cir.1989) (*Lewellen I*), that this second suit was barred by the statute of limitations. Nonetheless, we held out hope by observing that "Lewellen may be able to reactivate *Dwyer* ... and maintain on appeal that the Department of Justice gave his counsel the runaround, justifying the delay in obtaining service." *Id.* at 122. In this appeal, we must decide whether to resuscitate *Dwyer,* as it relates to the federal officers, by permitting appellant to effectuate service of process outside the prescribed time.[1] The district court found appellant's failure to serve "utterly inexcusable." We agree.

## I.

### FACTS AND PROCEEDINGS BELOW

In *Lewellen I,* we stated most of the facts that are also pertinent to this case:

> In ... *Lewellen v. Dwyer,* filed February 27, 1987, Lewellen's counsel attempted to serve the federal defendants by mailing the complaint under Fed.R.Civ.P. 4(c)(2)(C)(ii) to the Chicago office of the Drug Enforcement Administration. None of the defendants lives there. Unless the defendant returns an acknowledgement within 20 days (none did), counsel must resort to regular service. Three months later counsel tried to serve a subpoena requiring someone from the DEA to appear for a deposition and disclose the addresses of the named defendants. This effort to obtain information—like any other deposition sooner

than 30 days after service of process—required leave of court. Fed.R.Civ.P. 30(a). Leave was not forthcoming, because counsel from the Department of Justice appeared and told the judge that the Department had established a mechanism for obtaining addresses and other information without the need for depositions. 28 C.F.R. §§ 16.21–16.29. (These regulations had been brought to the attention of Lewellen's lawyer, first by phone and then by letter, before the hearing.) Lewellen's lawyer disdained this method and did not try any other, such as requesting the marshal to serve the complaint. See *Del Raine v. Carlson,* 826 F.2d 698, 705 (7th Cir.1987). He stood on his demand for a deposition until September 1987, but by then it was too late: the district court dismissed the action against the federal defendants on January 29, 1988, for failure to obtain service within 120 days per Fed.R.Civ.P. 4(j), finding that the failure to serve was "utterly inexcusable."

875 F.2d at 119–20.

Appellant urges us to reverse the district court decision dismissing the suit as to the federal defendants on two grounds. First, he asserts that there was "good cause" for the delay in serving appellees with process, as required for an extension of time under Fed.R.Civ.P. 4(j). Appellant claims that good cause exists either because appellees, through an Assistant United States Attorney, refused to cooperate in providing appellees' addresses or because appellees made representations with respect to their appearance in court that caused justifiable delay in pursuing service of process. Appellant's second prong of attack is that even if we find no good cause for the delay, appellees are equitably estopped from asserting a Rule 4(j) defense because appellant's attorney detrimentally relied on the purported contrary representations by appellees' counsel. We shall address each prong of appellant's argument separately.

---

**1.** The part of the lawsuit naming Dwyer and the other state officials remains pending in the district court. Pursuant to Fed.R.Civ.P. 54(b), the

district court entered final judgment in favor of the federal defendants.

## II.

### JURISDICTION

Although the district court granted appellees' motion to dismiss on January 29, 1988, it did not docket a final, appealable, Rule 54(b) judgment dismissing the federal agent defendants until June 6, 1989. Appellant's notice of appeal was timely filed on July 6, 1989. Fed.R.App.P. 4(a)(1). Our jurisdiction rests on 28 U.S.C. § 1291 and we review the district court's ruling for abuse of discretion. *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir.1988).

## III.

### DISCUSSION

A. *Good Cause*

■ Fed.R.Civ.P. 4(j) provides in pertinent part:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant ...

The purpose behind the rule is " 'to force parties and their attorneys to be diligent in prosecuting their causes of action.' " *Geiger*, 850 F.2d at 331 (quoting *Wei v. State of Haw.*, 763 F.2d 370, 372 (9th Cir.1985)).

1. The Noncooperation Contention.

The gravamen of appellant's noncooperation contention is that the Assistant United States Attorney stonewalled efforts by appellant to secure appellees' addresses until after the 120–day period for service had run. Although a refusal to cooperate may

be grounds for extending the time for service,[2] we find that appellant's failure to serve appellees resulted from the shortcomings of his own attorney. "[H]alfhearted efforts to serve a defendant will not excuse a plaintiff from adhering to the 120–day deadline." *Geiger*, 850 F.2d at 333.

The efforts made by appellant's counsel do not justify an extension of the time limit. After waiting eighty-two days of the prescribed period, appellant's counsel caused a subpoena duces tecum to be issued on May 19, 1987 to the Drug Enforcement Agency Records Keeper requesting the home and business addresses of the agent defendants. On or about May 20, 1987, James Kubik, the Assistant United States Attorney assigned to the case, telephoned Lewellen's counsel, Arthur Engelland, to advise him that the subpoena did not conform to the requirements of 28 C.F.R. § 16.21–29 (1989).[3] The following day Kubik sent Engelland a letter reiterating this advice; he also enclosed a copy of the pertinent regulations.

These regulations provide that "[w]hen information other than oral testimony is sought by a demand, the responsible U.S. Attorney shall request a summary of the information sought and its relevance to the proceeding." 28 C.F.R. § 16.22(d). The information sought in the subpoena—the addresses of the federal agents—is unquestionably "information other than oral testimony." To comply with the regulations, therefore, appellant needed to make a written demand for the addresses stating the relevance of the request.[4]

Engelland did not make a proper demand until September 10, 1987.[5] At no time between receipt of Kubik's May 21, 1987 let-

---

2. Representative Don Edwards of California has endorsed an interpretation of "good cause" that includes the evasion of service by a defendant. *See* 128 Cong.Rec. 30933 n. 20 (1982).

3. These regulations govern requests made to the Department of Justice for production or disclosure in federal or state proceedings.

4. The May 19, 1987 subpoena failed to comply because it did not contain a relevancy statement as required by 28 C.F.R. § 16.22(d).

5. Mark Flessner, who replaced Kubik on behalf of appellees, acknowledged that Engelland complied with the relevant regulations in a letter dated October 7, 1987. He refused to provide the addresses, however, pending a ruling on his motion to dismiss for failure to serve under Rule 4(j).

ter and September 10, 1987 did appellant's counsel make a written demand for the addresses from the Assistant United States Attorney.[6]

The circumstances attending this delay in making a formal written demand do not warrant a finding of "good cause." Upon receipt of Kubik's May 21, 1987 letter, appellant's counsel still had until June 29, 1987—thirty-eight days—to effect service of process or to seek a good cause extension prior to the expiration of the time limit. He did neither. He showed no diligence in formally demanding the information and providing its relevance in accordance with 28 C.F.R. § 16.22(d). *See Powell v. Starwalt*, 866 F.2d 964, 965 (7th Cir. 1989) (observing that Rule 4(j) "defines diligence in prosecution").

The failure of appellant's counsel to act until September does not rest upon the necessary "good cause" for purposes of extending the time requirement of Fed.R. Civ.P. 4(j). *See Floyd v. United States*, 900 F.2d 1045, 1047 (7th Cir.1990) (holding that "simple attorney neglect, without the presence of substantial extenuating factors such as sudden illness or natural disaster, cannot constitute the sole basis for a 'good cause' determination") (footnote omitted); *see also Braxton v. United States*, 817 F.2d 238, 239 (3d Cir.1987) (concluding that "inadvertence does not excuse compliance with [Fed.R.Civ.P. 4]"). There is no basis in appellant's contention that "good cause"

springs from the refusal by appellees' counsel to cooperate in providing the necessary information until after expiration of the time for service.[7]

2. The Appearance Representation Contention.

■ In the alternative, appellant argues that the Assistant United States Attorney initially assigned to the case, Kubik, represented that he would make an "appearance" on behalf of appellees. Appellant would have us rule that these purported representations suffice to establish "good cause."

Kubik swore out an affidavit in which he stated:

In response to [the inquiry by appellant's attorney] about who would be representing the defendant Drug Enforcement Administration Agents in this case and making a response to the complaint, *I told him that this office would file a response to the complaint on [appellees'] behalf. I did not tell him that I would file an appearance for them since neither the local rules of the district court nor office policy require an appearance to be filed when this office represents a federal defendant.*[8]

(Emphasis added.) The record contains no support for appellant's contention of a contrary representation.

Even if Kubik gave the impression that he would make an appearance for appel-

---

**6.** We are aware that counsel for appellant and appellees had several telephone conversations regarding the need for a demand and the type of information requested. Such oral conversations do not comport with the "demand" requirement of 28 C.F.R. §§ 16.21–29. The regulations define a "demand" as "a subpoena, order, or other demand (hereinafter collectively referred to as a 'demand') of a court or other authority." 28 C.F.R. § 16.22(a)(2). As another court has observed, "[w]ithout a procedure governing demands by potential litigants, the efficiency of the Department could be greatly impaired." *United States v. Marino*, 658 F.2d 1120, 1125 (6th Cir.1981). At a minimum, these procedures require that the demand be in writing so that it may be transmitted to the appropriate Department of Justice officials for approval.

**7.** Appellant's contention that the Assistant United States Attorneys told him that he was not in compliance with the Justice Department regula-

tions but would not tell him how to comply must fail. In a slightly different context, the Eleventh Circuit has upheld a district court's order quashing a subpoena by the defendant when he knew of the Department's regulations but refused to abide by them. *See, e.g., United States v. Bizzard*, 674 F.2d 1382, 1387 (11th Cir.), *cert. denied*, 459 U.S. 973, 103 S.Ct. 305, 74 L.Ed.2d 286 (1982). Both sides are charged with the responsibility for reading the relevant regulations and complying with them.

**8.** In addition, by letter to the clerk of the court dated March 18, 1987, and docketed the following day as part of the official record, the United States Attorney's office for the Northern District of Illinois stated that James Kubik would handle the Lewellen matter. The letter stated, "This letter is not an appearance by the United States Attorney on behalf of any party, but is provided for informational purposes only."

lees, the filing of an "appearance form" does not relieve plaintiff from executing proper service of process upon the defendants. *See* Fed.R.Civ.P. 4(a) (charging plaintiff with the responsibility for serving complaint and summons on defendant). Such service requirements are strictly upheld. *See, e.g., Micklus v. Carlson,* 632 F.2d 227, 240–41 (3d Cir.1980).[9] Appellant points us to no authority for the proposition that the filing of an "appearance form" constitutes a waiver of the Rule 4 service requirements. Nor have we found any. In this crucial respect, practice in federal courts differs from the Illinois state-law rule. *Cf.* Ill.Ann.Stat. ch. 110, para. 2–301 (Smith–Hurd 1983).[10] Ignorance of the law can be no excuse for a failure to perfect service of process. *Cf. Reynolds v. United States,* 782 F.2d 837, 838 (9th Cir.1986) (per curiam) (ruling that good faith failure to read Federal Rules of Civil Procedure does not constitute good cause for permitting an extension of time under Fed.R.Civ.P. 4(j)).

We thus hold that appellant did not have good cause for failing to serve appellees with process.

### B. *Equitable Estoppel*

■ Appellant fares no better by clothing his case in the garments of equitable estoppel. Such "[e]stoppel 'arises ...

when one has so acted as to mislead another and the one thus misled has relied upon the action of the inducing party to his prejudice.' " *Citation Cycle Co. v. Yorke,* 693 F.2d 691, 695 (7th Cir.1982) (quoting *Lebold v. Inland Steel Co.,* 125 F.2d 369, 375 (7th Cir.1941), *cert. denied,* 316 U.S. 675, 62 S.Ct. 1045, 86 L.Ed. 1749 (1942). Appellant argues that even if Kubik's purported statement regarding an "appearance" does not constitute good cause for the delay, his detrimental reliance on such a statement equitably estops appellees from raising the time bar of Rule 4(j) as a defense.

Because we find no support for the contention that Kubik made a contrary representation to appellant, the latter's reliance was unreasonable. There is no federal rule that an appearance form is a valid substitute for service of process on the defendants. The absence of such a rule is fatal.[11] The district court correctly concluded that such a filing would not relieve appellant from executing proper service of process. Accordingly, the court did not abuse its discretion by dismissing the suit as to appellees.

AFFIRMED.

---

9. In *Micklus,* the court held that "[w]here money damages are sought from a public official in his individual capacity, service by certified mail under Rule 4(d)(5) is insufficient. Instead, the plaintiff must proceed under the terms of Rule 4(d)(1) and effect personal service." 632 F.2d at 240 (citations and footnote omitted).

Several courts have held that in *Bivens* actions, the plaintiff must comport with the service requirements of Fed.R.Civ.P. 4(d)(1). *See, e.g., Johnston v. Horne,* 875 F.2d 1415, 1424 (9th Cir.1989); *Parsons v. Aguirre,* 123 F.R.D. 293, 295 (N.D.Ill.1988).

10. This provision permits special appearances for purposes of challenging jurisdiction. It also provides that taking part in further proceedings constitutes a waiver of all errors regarding technical defects of summons, service, or return.

11. Appellant asserts that by Kubik's purported statement, the Assistant United States Attorney would file an "appearance form" and that this

filing would waive the service requirements. Appellant's position misstates the applicable law, as noted above. If the government lawyer made any misrepresentation regarding an appearance form, therefore, it would have no legal import as a misstatement of fact. Such a representation could only have significance as a misstatement of law upon which appellant could not reasonably rely. As Bigelow explained long ago:

> [W]here the statement or conduct is not resolvable into a statement of fact as distinguished from a statement of opinion or of law, and does not amount to a contract, the party making it is not bound, unless he was guilty of clear moral fraud....
>
> The rule in regard to statements of opinion and statements of law is, it seems, based upon the ground that ... the person to whom the statement is made knows as much about the matter as the other.

M. Bigelow, *A Treatise on the Law of Estoppel* 635 (J. Carter 6th ed. rev.1913) (footnote omitted).