Nathan ROBINSON, Plaintiff–Appellant,

v.

Mr. TURNER, Associate Warden, Gene Finley, Unit Manager, Larry Davis, Case Manager, et al., Defendants–Appellees.

No. 92–3936.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 14, 1993.

Decided Jan. 24, 1994.

themselves. Instead they were signed by prison mail room employees.

The defendants moved the district court to dismiss the action for lack of personal jurisdiction under Rule 12(b)(2) because Mr. Robinson failed to serve the defendants within 120 days of the filing of the complaint, in this case September 28, 1990, as required by Rule 4(j). On November 27, 1990, Mr. Robinson, represented by counsel, moved to amend his pleadings and moved for an extension of time to serve the defendants. He explained that it was his belief that "the Clerk of the Court for the United States District Court, Southern District of Indiana, Terre Haute Division, would effect service on the defendants in this action on his behalf." Mr. Robinson's motion did not specify whether he had attempted service under the federal service provision, Rule 4(c)(2)(C)(ii), or under Indiana Trial Rule 4.1, pursuant to Rule 4(c)(2)(C)(i).

After a change of counsel, Mr. Robinson responded to the defendants' motion to dismiss almost two years after the motion was filed. The district court ordered Mr. Robinson to show cause why the complaint should not be dismissed for lack of personal jurisdiction. In his response to this order, Mr. Robinson indicated for the first time that he had perfected service under Indiana Trial Rule 4.1 and Federal Rule 4(c)(2)(C)(i).

On September 28, 1992, the district court dismissed Mr. Robinson's complaint on the ground that he failed to serve personally and timely the defendants under Rule 4(j). In determining that it had no jurisdiction over the defendants, the court did not address whether Mr. Robinson had complied with service under state law pursuant to Rule 4(c)(2)(C)(i).

## II

*Discussion*

A district court's dismissal for failure to serve properly defendants is reviewed de novo, accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiff. *Scott v. O'Grady,* 975 F.2d 366, 368 (7th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 2421, 124 L.Ed.2d 643 (1993); *Williams v. Leach,* 938 F.2d 769, 771 (7th Cir.1991) (citing *Rockford Mut. Ins. Co. v. Amerisure Ins. Co.,* 925 F.2d 193 (7th Cir.1991)).

A plaintiff bringing a *Bivens* action sues a federal employee in his or her individual capacity, rather than the governmental agency or entity employing the individual, *Lewellen v. Morley,* 875 F.2d 118, 122 (7th Cir.1989), and is required to make personal service of process. *Sellers v. United States,* 902 F.2d 598, 603 (7th Cir.1990); *Del Raine v. Carlson,* 826 F.2d 698, 704 (7th Cir.1987). Generally, personal service is effectuated by delivering a copy of the summons and complaint to the individual personally or by leaving the summons and complaint at the individual's dwelling house or usual place of abode with a person of suitable age and discretion. Fed.R.Civ.P. 4(d)(1). Rule 4(c)(2)(C) provides two additional methods of service for individual defendants. First, Rule 4(c)(2)(C)(i) provides that a defendant may be served pursuant to the law of the state in which the district court sits. Second, Rule 4(c)(2)(C)(ii), the federal service provision, provides that a plaintiff can mail a copy of the summons and complaint to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to form 18–A and a return envelope postage prepaid. Service of the summons and complaint under either method must be made within 120 days after the filing of the complaint. Fed.R.Civ.P. 4(j). If the plaintiff cannot show good cause why service was not made within that period, the complaint will be dismissed without prejudice. *Id.* The issue in the case before us is whether personal service was effectuated on the defendants. Mr. Robinson argues that he completed service pursuant to state law under Rule 4(c)(2)(C)(i). In contrast, the defendants argue that they were never served because Mr. Robinson failed to satisfy the requirements of Rule 4(d)(1), which requires personal delivery to the defendant's residence.

We first turn to Mr. Robinson's assertion on appeal that he elected to effect service under Indiana law. The defendants submit that Mr. Robinson has changed his position concerning his method of effectuat-

ing service, and they invite our attention to his motion to amend his pleading and for an extension of time. Had Mr. Robinson relied upon the federal service provision in the district court, he could not now "retroactively characterize [his] service attempt as having been made pursuant to state law." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir.1992). In his motion, however, Mr. Robinson did not state that he was effectuating service under either state law or the federal service provision.[2] Mr. Robinson merely stated that he believed the clerk of the district court would serve the defendants and that all the defendants had not yet been served.[3] Therefore, because Mr. Robinson did not specifically identify the provision under which he attempted service, we cannot say that he impermissibly has changed his position.

■ We now turn to whether service was effectuated on the defendants. It is well established that personal service of process is required in *Bivens* actions. *See, e.g., Sellers*, 902 F.2d at 603; *Lewellen*, 875 F.2d at 122; *Del Raine*, 826 F.2d at 705. Service upon an employee in his official capacity does not amount to service in his individual capacity. *Micklus v. Carlson*, 632 F.2d 227, 240 (3d Cir.1980). "Where money damages are sought from a public official in his individual capacity, service by certified mail under Fed. R.Civ.P. 4(d)(5) is insufficient. Instead, the plaintiff must proceed under the terms of Fed.R.Civ.P. 4(d)(1) and effect personal service."[4] *Lewellen*, 875 F.2d at 122 (citing *Micklus*, 632 F.2d at 240); *see also Lewellen v. Morley*, 909 F.2d 1073, 1077 n. 9 (7th Cir.1990); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir.1988) (per curiam); *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir.1987).[5] The treatises point out that, in individual capacity lawsuits, "the usual procedure for service on individuals set out elsewhere in Rule 4 apply, and neither Rule 4(d)(4) nor Rule 4(d)(5) need be consulted." Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1107 at 163 (1987); *see also* James W. Moore et al., Moore's Federal Practice § 4.29 at 4–240–41 (1986).

■ The defendants argue that personal service in a *Bivens* action must be delivered to the dwelling house of the individual pursuant to Rule 4(d)(1). To subscribe to this view of service would preclude mail delivery under either the federal service provision or state law. To craft a judicially-created special provision for *Bivens* actions, distinct from service rules for individuals generally, would violate the Rules Enabling Act that vests authority for such rulemaking in the Supreme Court and Congress. *See* 28 U.S.C. § 2072; *cf. Sibbach v. Wilson & Co.*, 312 U.S. 1, 9–10, 61 S.Ct. 422, 424–25, 85 L.Ed. 479 (1941) (holding that Rule 35 does not violate the Rules Enabling Act); *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 665 (7th Cir.1989) (stating that the Rules Enabling Act "was designed to foster a uniform system of procedure throughout the federal system"). Thus, service may be made upon an individual either pursuant to applicable state law or the federal service provision as permitted under Rule 4(c)(2)(C)(i) and (ii).

■ In this case, Mr. Robinson claims to have effectuated service pursuant to Rule 4(c)(2)(C)(i), which permits service upon a defendant "pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that

2. The record reveals that, in his memorandum in opposition to defendants' motion to dismiss, Mr. Robinson first asserted that he attempted service pursuant to Rule 4(c)(2)(C)(i) and Indiana Trial Rule 4.1.

3. Before this court, Mr. Robinson points to the absence of form 18–A, the acknowledgement of receipt required by Rule 4(c)(2)(C)(ii), to emphasize that he had relied upon Rule 4(c)(2)(C)(i) in serving the defendants.

4. When serving an officer or agency of the United States in an official capacity, Rule 4(d)(5) permits service to be completed by sending a copy of the summons and complaint by registered or certified mail to the officer or agency.

5. The Third Circuit decided *Micklus* before the 1983 amendments to the Federal Rules, which allowed mail service and state law service rules to be used, became effective. Post-amendment cases, however, consistently cite *Micklus* for support.

State." Many state service provisions permit service to be made to the place of employment.[6] Indiana Trial Rule 4.1 provides that service may be made upon an individual by sending a copy of the summons and complaint by certified mail to his or her place of business or employment.[7] Of course, any such service must comport with federal due process requirements that service be made in a manner reasonably calculated to inform the defendant of the pending lawsuit. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–15, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Indeed, the Indiana Trial Rules similarly incorporate this standard, providing that "no service [of summons] shall be ... adjudged insufficient when [it] is reasonably calculated to inform the person to be served that an action has been instituted against him...." Indiana Trial Rule 4.15(F); *see Washington v. Allison,* 593 N.E.2d 1273, 1275 (Ind.App.1992); *Storm v. Mills,* 556 N.E.2d 965, 967 (Ind.App.1990).

Although Indiana Trial Rule 4.1 provides that service may be made to the individual's place of business, Indiana Trial Rule 4.16 specifically allows someone other than the defendant to accept service. It provides:

(B) Anyone accepting service for another person is under a duty to:

(1) promptly deliver the papers to that person;

(2) promptly notify that person that he holds the papers for him; or

(3) within a reasonable time, in writing, notify the clerk or person making the service that he has been unable to make such delivery of notice when such is the case.

In interpreting Indiana Trial Rule 4.16, the Supreme Court of Indiana has held that a person accepting mail service for another must have the authority to do so. *LaPalme v. Romero,* 621 N.E.2d 1102, 1106 (Ind.1993). In this case, the return receipts were signed by employees of the prison, not the individual defendants. The district court has not addressed Indiana service of process rules, and therefore we are unable to determine on this record: first, whether prison mail room employees are authorized to accept service for another prison employee; and second, if these employees are authorized to accept service, whether, in the context of the prison environment, receipt by another can be said to be adequate notice. *See Mullane,* 339 U.S. at 314, 70 S.Ct. at 657; Indiana Trial Rule 4.15(F). These matters must be addressed therefore by the district court.

## Conclusion

Accordingly, we reverse and remand this case to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

**6.** . Whether the federal service provision, Rule 4(c)(2)(C)(ii), allows mail service to a place of employment is an issue we need not decide. Nevertheless, caselaw would indicate that, under the federal service provision, certified mail must be directed to the individual's residence. In *Lewellen I,* the court stated that "Lewellen's counsel attempted to serve the federal defendants by mailing the complaint under Fed.R.Civ.P. 4(c)(2)(C)(ii) to the Chicago office of the Drug Enforcement Administration. None of the defendants live there." *Lewellen I,* 875 F.2d at 119. In a *Bivens* action such as this, requiring the plaintiff, a federal prisoner, to serve each of the defendants, prison guards, at their homes has serious implications. *Sellers,* 902 F.2d at 602

("prison guards do not want prisoners to have their home addresses [and] ... [p]risoners also have friends not noted for their scruples").

**7.** Indiana Trial Rule 4.1 provides in relevant part:

A) In general. Service may be made upon an individual ... by:

(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgement of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter[.]