69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ralph C. DUKE, Plaintiff-Appellant,
v.
Janet RENO, Attorney General of the United States and
Individually, et al., Defendants-Appellees.
 No. 94-3249.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1995.*
Decided Nov. 2, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Ralph C. Duke filed a Bivens action against various federal employees after being injured by a fellow inmate at the United States Penitentiary at Terre Haute. Duke claimed that prison officials violated his constitutional rights by failing to protect him from dangerous inmates and by providing him with inadequate medical care. The district court denied Duke's motion to proceed in forma pauperis and dismissed his complaint as frivolous, 28 U.S.C. Sec. 1915(d), finding that it was doubtful his claims constituted an Eighth Amendment violation and that the action was barred by the statute of limitations. Duke appeals, and we affirm.
 
 
 2
 A district court may dismiss a complaint brought in forma pauperis if its factual allegations and legal conclusions lack an arguable basis either in law or in fact Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under Sec. 1915(d), judges have the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327). We review dismissal under Sec. 1915(d) for an abuse of discretion, Denton, 504 U.S. at 33. Billman v. Indiana Dept. of Corrections, 56 F.3d 785, 787 (7th Cir.1995).
 
 
 3
 A plaintiff's cause of action accrues when he either knows or should know of the injury supporting the action, in the civil rights context, this occurs when the plaintiff's constitutional rights are violated. Wilson v. Giesen, 956 F.2d 738, 740 (7th Cir.1992) Duke's claim accrued on July 26, 1992, the date he was injured.
 
 
 4
 The district court correctly looked to Indiana law to determine the limitations period applicable to Duke's Bivens action. Federal courts borrow state limitations periods for personal injury actions for claims under 42 U.S.C. Sec. 1983. Wilson v. Garcia, 471 U.S. 261, 276 (1985). The limitations period for Sec. 1983 suits is equally applicable to Bivens actions, Lewellen v. Morley, 875 F.2d 118, 120 (7th Cir.1989). Indiana's limitations period for personal injury actions is two years Ind.Code 34-1-2-2(1). No tolling provisions apply to Duke. See Bailey v. Faulkner, 765 F.2d 102, 103 (7th Cir.1985) (state statute tolling limitations period for persons under "legal disabilities" no longer applies to prisoners). Duke was required to file this action by July 26, 1994, but he signed the complaint on August 22, 1994, and the court received it on August 26, 1994. The claim is untimely.
 
 
 5
 Duke invokes the exhaustion requirements of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Sec. 2675. He contends that his action was timely because he was required to exhaust administrative remedies and because he filed the action with the district court within six months after the Bureau of Prisons denied his claim. The FTCA, however, applies only when the plaintiff names the United States as defendant. Hughes v. United States, 701 F.2d 56, 58 (7th Cir.1982). Duke did not sue the United States, rather, he named as defendants several federal officials. Moreover, there is no suggestion in his complaint that he is seeking to bring an FTCA claim. Because the FTCA does not apply to this action, whether Duke filed an administrative claim has no effect upon the timeliness of his district court action. The complaint is time-barred, so the district court did not abuse its discretion in dismissing Duke's complaint as frivolous.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), CirR 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record