Marvin L. BARMES and Barbara J. Barmes, Plaintiffs–Appellants,

v.

Richard NOLAN, et al., Defendants–Appellees.

No. 04–3808.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 15, 2005.*

Decided Feb. 15, 2005.

Marvin L. Barmes, Vincennes, IN, pro se.

Barbara J. Barmes, Vincennes, IN, pro se.

Thomas E. Kieper, Office of the United States Attorney, Indianapolis, IN, for Defendants–Appellees.

Before POSNER, COFFEY, and WOOD, Circuit Judges.

## ORDER

Marvin and Barbara Barmes appeal the dismissal of their claims against a number of state and federal law enforcement officers who executed search warrants on the Barmeses' home and business properties in Vincennes, Indiana, in August 2001. The searches uncovered drug paraphernalia and cash, and afterwards Mr. and Mrs. Barmes were charged with federal drug offenses in the Western District of Pennsylvania. Mrs. Barmes pleaded guilty and was sentenced in January 2004, but Mr. Barmes has been living in the Bahamas and refuses to return to the United States for arraignment. The Barmeses brought this *pro se* suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), claiming that the 2001 searches were unlawful. After waiting more than a year for the Barmeses to

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

serve the defendants, the district court finally dismissed the suit without prejudice. We affirm.

The Barmeses filed the complaint in August 2003, naming as defendants nine individual agents of the DEA, the FBI, and the Indiana State Police. Shortly thereafter the district court issued an order directing the Barmeses to report on the measures they had taken to serve process on the defendants. The Barmeses then made their first attempt to effect service in September 2003, issuing two summonses, one identifying as defendant the United States Attorney for the Southern District of Indiana and the other listing the United States Attorney General. The Barmeses mailed the two summonses to these individuals' respective offices. They then filed a "motion for assistance from the court," in which they noted that over 1,200 agents had participated in "Operation Pipe Dream" and asked the court to order service on "all officers who were on duty during the incidents in question." The court denied the motion, stating that it would help *pro se* litigants in appropriate circumstances, but was unable to assist the Barmeses because they had not identified the persons to be served. The Barmeses did not renew their request for assistance from the court.

In February 2004 the Barmeses made their second attempt to serve process on the defendant law enforcement agents by delivering to the DEA's office in Pittsburgh, Pennsylvania, a single copy of the summons identifying as defendant the United States Attorney in Indiana. The district court alerted the Barmeses to the requirements of Federal Rule of Civil Procedure 4, specifically referencing the shortcomings laid out in a motion to dismiss filed by an assistant United States Attorney in Indiana on behalf of the defendants, and warned that it would dismiss the action if the Barmeses did not comply

by July 29, 2004. The Barmeses made one last effort on July 26, preparing nine summonses, one for each named defendant, which they delivered to the United States Attorney's office in Indiana. None of the defendants had authorized government counsel to accept service on their behalf. The district court quashed the summonses and dismissed the case, stating briefly that because the Barmeses had not properly served process on the defendants, the court was without personal jurisdiction over them.

On appeal the Barmeses do not dispute that each of their three service attempts failed the requirements of Rule 4. Instead, they argue that the district court had a duty to help them serve the defendants, whose addresses they had difficulty locating. This contention would be correct if the Barmeses were proceeding *in forma pauperis;* under 28 U.S.C. § 1915(d) and Rule 4(c)(2), a district court must direct the marshals service to serve process for indigent litigants, who ordinarily will be unable to effect service on their own. *See United States v. Antonelli,* 371 F.3d 360, 362 (7th Cir.2004); *Graham v. Satkoski,* 51 F.3d 710, 712–13 (7th Cir.1995). But plaintiffs like the Barmeses who are not indigent bear the responsibility for effecting service of process. *See* Fed.R.Civ.P. 4(c)(2) (stating that "the court may direct that service be effected by a United States marshal"); *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996) (explaining that plaintiffs other than those proceeding *in forma pauperis* are generally responsible for serving defendants). As *pro se* litigants the Barmeses were entitled to at least some notice of the consequences of failing to follow Rule 4's requirements. *Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 876–77 (D.C.Cir.1993). But they received this: over the span of a year—not just the 120 days provided in Rule 4(m)—the district court patiently pointed out the deficiencies in the Barmeses' service attempts and

warned that it would dismiss the action if they failed to comply with Rule 4.

The Barmeses next contend that the defendants had actual notice of the lawsuit and so service of process was unnecessary. This argument has been squarely rejected by our previous decisions. *See Robinson Eng'g Co. Pension Plan & Trust v. George,* 223 F.3d 445, 453–54 (7th Cir. 2000); *Swaim v. Moltan Co.,* 73 F.3d 711, 719 (7th Cir.1996); *Lewellen v. Morley,* 909 F.2d 1073, 1077 (7th Cir.1990).

Finally, the Barmeses vigorously attack the district court's alternate basis for dismissing the claims of Mr. Barmes: the "fugitive disentitlement" doctrine, which in certain circumstances prevents a fugitive from justice from maintaining an action in federal court. *See Sarlund v. Anderson,* 205 F.3d 973, 974–75 (7th Cir.2000). But since we agree that the suit was properly dismissed for failure to serve process, we need not reach these arguments.

AFFIRMED.