**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 11, 2006[*]
Decided May 11, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-3129

| | |
|---|---|
| WAYNE L. BREWER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 04-C-957-S |
| ELLEN RAY, *Defendant-Appellee.* | John C. Shabaz, *Judge.* |

**O R D E R**

Wayne Brewer is an inmate at the Wisconsin Secure Program Facility, Wisconsin's highest security prison, where Ellen Ray works as an "institutional complaint examiner." Brewer filed suit claiming as relevant here that Ray violated his rights under the First and Fourteenth Amendments by hindering his access to the courts. The district court granted summary judgment for Ray, and we affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

In December 2001 a facility committee decided to place Brewer in administrative confinement, citing past incidents of uncooperative, threatening, and violent behavior. Brewer believed that some of the statements the committee made in the documentation for its decision were "knowingly false," and on December 20 he filed an institutional complaint asking that the record be "corrected." The complaint was denied as being outside the scope of the grievance procedure. On May 1, 2002, Brewer filed an unrelated complaint alleging that his mattress had been swapped for a "filthy, dingy, smelly floor matt." This complaint was also denied; in the documentation for that denial, facility staff characterized the complaint as regarding a dirty mattress. On May 4 he filed another complaint asking the facility staff to revisit his May 1 grievance because their description of its substance had been "wholly untrue." His request was denied.

In August 2002 Brewer brought a suit in the district court, *Brewer v. Dep't of Corr.*, No. 02-C-0458-S (W.D. Wis. Nov. 25, 2002). He alleged that he had been placed in administrative confinement as a result of false information, and that his various institutional complaints had been mischaracterized and unjustly denied. The district court, ruling that Brewer had not exhausted his administrative remedies or shown that he had actually filed the complaints in question, dismissed the case without prejudice on November 25, 2002. On Brewer's motion the district court granted him an extension of time in which to file an appeal, until January 24, 2003. Even so, Brewer never filed a notice of appeal.

On December 17, 2002, Brewer filed another institutional complaint. In it, he alleged that a "serious eye injury" (later diagnosed as ileitis, or an inflammation of the eye) prevented him from using a computer. He asked that the facility have legal cases delivered to his cell, apparently to prepare for an appeal in *Brewer v. Department of Corrections*. Facility staff rejected the complaint because prisons doctor had not said that Brewer's eye condition prevented him from using a computer. Brewer repeated his request for the delivery of cases on December 30, and again on January 14, 2003. In his last institutional complaint he explicitly alleged that the refusal to deliver materials to his cell was part of the institution's ongoing attempt to obstruct his access to the courts.

A year later, Brewer filed this second suit under 42 U.S.C. § 1983, claiming that several prison employees, including Ray, violated his rights under the First and Fourteenth Amendment by preventing him from accessing the courts. He argued that the defendants prevented him from filing a notice of appeal in *Brewer v. Department of Corrections* when they refused to deliver legal research material to his cell. Brewer later voluntarily dismissed all defendants other than Ray, and in a thorough ruling the district court granted summary judgment for her.

On appeal Brewer does not identify any issue of material fact that should have precluded summary judgment. Nor could he, because his legal theories are frivolous. He argues first that the district court erred as a matter of law when it held that Ray did not violate his First Amendment right of access to the courts. The first obstacle to Brewer's argument that Ray has generally obstructed his access to the judiciary is that he is presenting that claim to the very court he to which he alleges he was denied access. We have held that a prisoner's "invocation of the judicial process indicates that the prison has not infringed his First Amendment right to petition the government for a redress of grievances." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). His active participation in this case, here and in the district court, demonstrates that he does have access to the courts.

Brewer also contends that by denying his requests to have legal materials delivered to his cell during *Brewer v. Department of Corrections.*, Ray denied him access to the court by preventing him from filing a notice of appeal. "The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process." *See Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). But Ray's only action was to deny his grievance, and that action did not infringe on any of Brewer's rights. To prove a violation of the First Amendment, Brewer would have to show that he was "prevented from presenting legitimate grievances to a court." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). Here, Brewer presented his arguments in *Brewer v. Department of Corrections.*, and the district court rejected them. Ray's denial of his grievance could, at most, have prevented him from filing a timely notice of appeal, although he has not shown how an inability to research cases could have stopped him from filing such a notice. Moreover, Brewer's case was dismissed without prejudice; he was still able to present his claims to the district court after exhausting his administrative remedies, and he has not shown how Ray ultimately prevented that. As for his claim under the Fourteenth Amendment, such a claim "must be based on a violation of a protected liberty or property interest." *Smith v. Town of Eaton, Ind.*, 910 F.2d 1469, 1471 (7th Cir. 1990). But Brewer's case against Ray is predicated on her handling of his institutional grievances, which is not a protected interest. *See Antonelli*, 81 F.3d at 1430. Denying Brewer's grievances did not infringe his rights under either the First or Fourteenth Amendments.

Brewer also makes a number of procedural arguments under the general contention that the district court erred by refusing to screen his complaint pursuant to 28 U.S.C. § 1915A. But the district court did screen his complaint, and allowed him to proceed with the claims that are before us today. Brewer may mean that the district court erred when it refused to allow him leave to amend his complaint. The district court allowed him to amend his complaint once before the defendants answered. *See* Fed. R. Civ. P. 15(a). Brewer attempted to amend his complaint a

second time; the record is murky, but he apparently intended to add several defendants. The court was within its discretion to deny him leave to make that second amendment. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (denial of leave to amend reviewed for abuse of discretion). A district court has discretion to deny futile amendments. "An amendment is futile if the added claim would not survive a motion for summary judgment." *Id.* Brewer's claims against the defendants he intended to add were identical to his claims against Ray, and there is no reason to believe that they would have survived summary judgment.

Finally, Brewer contends that the district court should have served process on the defendants through the United States Marshals Service. But while a district court may use the Marshals Service to serve prisoners' lawsuits, this is generally reserved for complainants proceeding *in forma pauperis. United States v. Antonelli*, 371 F.3d 360, 362 (7th Cir. 2004). Brewer paid his filing fees, and was not entitled to have the court serve process for him.

AFFIRMED.