**Paul B. OVERHAUSER, Defendant–Appellant,**

v.

**Mark FOWLER, d/b/a Fowler Earth Moving, Plaintiff–Appellee.**

**No. 30A01–8907–CV–254.**

Court of Appeals of Indiana, First District.

Jan. 29, 1990.

Thomas G. Stayton, Ronald D. Gifford, Baker & Daniels, Indianapolis, for defendant-appellant.

Raymond S. Robak, Wolf, Robak & Murphy, Greenfield, for plaintiff-appellee.

BAKER, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Paul Overhauser (Overhauser), appeals the trial court's grant of plaintiff-appellee, Mark Fowler's (Fowler), motion for default judgment. We reverse.

## STATEMENT OF THE FACTS

On May 4, 1987, Fowler filed a mechanic's lien against real estate titled in the names of Lloyd and Marilyn Roach. At that time, part of the Roaches' property was the subject of litigation between the Roaches, Thomas and Deborah Wilson, and Overhauser. Overhauser had contracted to buy the property from the Wilsons, who were buying it from the Roaches on land contract.

On October 16, 1987, Overhauser gave Fowler notice that he claimed an interest in the property against which Fowler had a lien and that Fowler had to file suit against Overhauser within 30 days or lose his claim against him.[1] Fowler filed suit against Overhauser, the Wilsons, the Roaches, and the Roaches' agent, Robert Yowler, on November 13, 1987. On November 17, 1987, and again on November 23, 1987, Fowler attempted to execute service on Overhauser by certified mail. Before the postal service returned the unaccepted service on

December 2, 1987, Fowler's counsel sent a letter to Overhauser's counsel suggesting a settlement meeting.

On January 25, 1988, Overhauser was served with a summons and cross-complaint by the Wilsons. Fowler never executed service on Overhauser and Overhauser never answered Fowler. On September 19, 1988, the trial court entered a default judgment against Overhauser. Overhauser then filed a motion to set aside default judgment and after the trial court denied the motion, he filed a motion to correct error which the trial court also denied. Overhauser appeals.

## ISSUES

Overhauser presents several issues for our review which we restate as follows:

Whether the trial court had personal jurisdiction over Overhauser.

## DISCUSSION AND DECISION

Overhauser argues the trial court did not have personal jurisdiction over him because he did not receive sufficient service of process required by the Indiana trial rules. A trial court lacks personal jurisdiction over a defendant and therefore cannot issue a binding judgment against that defendant if service on him was insufficient or not executed. *Smith v. Tisdal* (1985), Ind.App., 484 N.E.2d 42; *Chesser v. Chesser* (1976), 168 Ind.App. 560, 343 N.E.2d 810. Given the requirements of proper service, the issue of whether Overhauser received sufficient service for the trial court to gain personal jurisdiction over him is dispositive. In deciding this issue, we note first that while the decision to set aside a default judgment is largely the province of the trial court, Indiana's policy disfavors default judgments and prefers resolution of a cause on its merits. *Green v. Karol* (1976), 168 Ind.App. 467, 344 N.E.2d 106.

Relevant to our decision are Ind. Trial Rules 4(E), 4.1 and 4.11. Trial Rule 4(E) requires that "[t]he summons and complaint shall be served together unless otherwise ordered by the court." Trial Rule 4.1 authorizes service by certified or registered mail and T.R. 4.11 governs the man-

---

1. IND. CODE 32–8–3–10.

ner of certified/registered mail service. If a plaintiff chooses to effect service under T.R. 4.11, he is under an affirmative duty to complete service by alternate means if the service by mail is returned unaccepted.[2]

Fowler did not fulfill this duty; he failed to request the clerk to reissue service after the original service was returned unaccepted. *Record* at 104. Instead, Fowler asks us to rule that Overhauser's knowledge of the suit will excuse Fowler's failure to comply with T.R. 4(E) and T.R. 4.11.

■ Overhauser gave Fowler 30 days notice to file suit, received two notices of attempts to deliver certified mail, received correspondence from Fowler's counsel suggesting settlement, and received a summons and a cross-claim from the Wilsons. In light of these facts, Fowler argues Overhauser had sufficient notice of Fowler's suit for the trial court to have personal jurisdiction over Overhauser. Prior cases, however, make clear "actual knowledge of the suit does not satisfy due process or give the court *in personam* jurisdiction." *Glennar Mercury Lincoln, Inc. v. Riley* (1975), 167 Ind.App. 144, 152, 338 N.E.2d 670, 675. "This is, of course, particularly true for service of process and other such notice of initial pleadings." *Abrahamson Chrysler Plymouth v. Insurance Co. of North America* (1983), Ind.App., 453 N.E.2d 317, 321. Overhauser's knowledge does not discharge Fowler's duty to serve him.

■ Fowler relies especially on the summons Overhauser received with the Wilsons' cross-complaint because it twice named Overhauser as a defendant in a suit brought by Fowler. The summons alone is insufficient, however. Trial Rule 4(E) unequivocally requires the complaint to accompany the summons and it did not here.[3] Moreover, in the only reported Indiana case on this issue, our supreme court rejected Fowler's argument. *Finley v. Richards* (1819), 1 Blackf. (2d ed.) 487, 1 Blackf. (3rd ed.) 464. In *Finley,* the court applied Sec. 5 of the Indiana Territorial Acts of 1814, CH. VIII and held that an alias summons served without a petition (the early analog of a complaint) was insufficient to confer personal jurisdiction over a defendant.[4]

■ Fowler also relies on T.R. 4.15(F) to cure his failure to execute service.[5] Trial Rule 4.15(F), however, exists "to avoid challenges to service of process based upon technical defects." 1 W. HARVEY, INDIANA PRACTICE § 2 AT 300 (1987). It does "not cure service of process when there has been no service on a party." *Roberts v. Watson* (1977), 172 Ind.App. 108, 115, 359 N.E.2d 615, 620. Since Fowler never executed service on Overhauser, T.R.4.15(F) does not apply. As a result of Fowler's failure, the trial court never gained personal jurisdiction over Overhauser and its default judgment against him is void.

Judgment reversed and remanded for proceedings in the trial court consistent with this opinion.

ROBERTSON and MILLER, JJ., concur.

---

2. In pertinent part, T.R. 4.11 provides "[i]f a mailing by the clerk of the court is returned without acceptance, the clerk shall reissue the summons and complaint for service as requested, by the person seeking service.

3. The pre-printed summons, certified by the clerk, stated that a copy of the complaint was attached to it, but the trial court specifically found that the attached document was the Wilsons' cross-complaint. *Record* at 105.

4. In addition to being compatible with the plain language of T.R. 4(E), *Finley* is in accord with the modern trend in several jurisdictions. *See, e.g., County of Milwaukee v. Schmidt, Garden & Erikson* (1967), 35 Wis.2d 33, 150 N.W.2d 354; *Paskus, Gordon & Hyman v. Peck* (1964), 246 N.Y.S.2d 874, 41 Misc.2d 1004; *VanSickle v. VanSickle* (1977), 137 Cal.Rptr. 568, 68 Cal. App.3d 728.

5. T.R. 4.15(F) provides:

Defects in Summons. No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond.