**Andre LaPALME and Danaca Transport Ltee, Appellants,**

v.

**Juan ROMERO and Dolores Romero, Appellees.**

No. 45S03–9310–CV–1136.

Supreme Court of Indiana.

Oct. 20, 1993.

Johnson & Bell, Ltd., Thomas H. Fegan, Richard J. Rosenblum, Chicago, IL, Hoeppner, Wagner & Evans, Larry G. Evans, Jill Sisson, Valparaiso, Lewis & Kappas, Gary P. Price, Indianapolis, for appellants.

John Kappos, Daniel C. Kuzman, George Steven Ivancevich, Merrillville, for appellees.

## ON PETITION TO TRANSFER

DeBRULER, Justice.

In an action for personal injury, the Lake Circuit Court, Lorenzo Arredondo, J., entered a default judgment against Andre LaPalme and Danaca Transport LTEE, defendants. Promptly upon learning of the default judgment, first Danaca and then LaPalme filed motions to set aside the judgment pursuant to Ind. Trial Rule 60(B). The trial court denied the motions. The Court of Appeals (Third District) affirmed the trial court. *LaPalme v. Romero* (1993), Ind.App., 606 N.E.2d 882. Danaca and LaPalme seek transfer to this Court. Transfer is granted. Pursuant to Ind. Appellate Rule 11(B)(3), we adopt and incorporate herein by this reference that part of the opinion of the Court of Appeals affirming the denial of Danaca Transport's motion to set aside default judgment. We vacate that part of the opinion of the Court of Appeals affirming the denial of Andre LaPalme's motion to set aside default judgment.

On August 30, 1989, Juan Romero was operating a vehicle westbound on U.S. Route 12 in Gary, Indiana, when another westbound vehicle, operated by Andre LaPalme, struck Romero's vehicle. Romero suffered injuries and other damages as a result of the collision. On August 29, 1991, Romero and his wife, Dolores, filed suit against LaPalme and Danaca Transport LTEE, the trucking company that employed LaPalme when the accident occurred. The clerk issued separate summonses for LaPalme and Danaca to appear, along with copies of the complaint. The address designated as the place for service upon LaPalme was 184 Manning St., P.O. Box 1502, Richmond, Quebec, Canada, while the summons to Danaca was addressed to Danaca at 4960 Rue DuBois, Drummondville, Quebec, Canada. Robert Hainault, a personal process server in Quebec, was not able to serve process upon LaPalme at the address listed on the sum-

mons. Instead, Hainault delivered the summons for LaPalme to Real Gingras, the manager of Danaca's legal department, at 2555 Rue Jean Desy in Longueuil at the same time he delivered her the summons for Danaca. These facts, along with the return of service made by Hainault, were upon the face of the record when the trial court defaulted the defendants.

On January 17, 1992, there having been no appearance by either defendant, and based upon the summons for LaPalme and the return of Hainault, the trial court granted plaintiffs below a judgment by default, assessing damages in the sum of $190,000.

On March 3, 1992, LaPalme first appeared in the trial court and filed his motion to set aside the default judgment. In denying the motion on May 4, 1992, the trial court concluded that LaPalme had been duly served with process. This is an appeal from that order. LaPalme contends that the service of process upon him was not sufficient. We agree and conclude that LaPalme is entitled to relief from the judgment.

 The decision whether or not to set aside a default judgment is given substantial deference on appeal. Appellate review of the refusal to set aside a default judgment is limited to determining whether there has been an abuse of discretion. *Siebert Oxidermo, Inc., v. Shields* (1983), Ind., 446 N.E.2d 332. The trial court may relieve a party from a default judgment upon one of the several grounds set forth in T.R. 60(B). Upon the motion in the trial court the burden was upon LaPalme to present a sufficient ground for relief. The order denying the motion on appeal here is presumptively valid, and the burden is again upon LaPalme. He must demonstrate that the trial court's decision is clearly against the logic and effect of fact and circumstances before the court, or that the trial court has misinterpreted the law. *McCullough v. Archbold Ladder Co.* (1993), Ind., 605 N.E.2d 175.

 LaPalme's argument is twofold: (1) copy service by leaving the summons with the manager at his place of employment was insufficient, and (2) he was not an employee of Danaca when the summons was taken in hand by the manager. Consequently he asks this Court to conclude that the trial court did not acquire personal jurisdiction over him. The trial court rejected an affidavit of LaPalme in support of his claim that he was no longer an employee at the time of delivery of the summons. We do not reach the question of whether the trial court properly rejected this affidavit and argument (2) above. We do reach (1) above.

 The Indiana trial rules govern a court's authority over individuals involved in a civil case, and the process by which that court obtains that authority. T.R. 4(A). LaPalme is a nonresident who was driving in Indiana when his vehicle struck another. A person who is not an Indiana resident submits to the jurisdiction of any Indiana court if that person causes personal injury or property damage by an act or omission done within Indiana. T.R. 4.4(A)(3). However, a court acquires personal jurisdiction over such nonresident when summons is served in the manner provided for in T.R. 4.4(B). *Morrison v. Pro. Billing Services, Inc.* (1990), Ind.App., 559 N.E.2d 366. Plaintiffs chose to serve summons upon LaPalme in the manner set out in T.R. 4.1. Service pursuant to T.R. 4.1 is one of several recognized avenues for obtaining service over a nonresident under T.R. 4.4(B).

This Court first considered T.R. 4.1 when it was presented to us in 1969 in the Proposed Final Draft of the Indiana Rules of Civil Procedure. Subsection A contained five separate statements on manner of service. One such statement contemplated service at a place of employment:

> Service may be made upon an individual, or an individual acting in a representative capacity, by ... leaving a copy of the summons and complaints at his usual place of business or employment with some person of suitable age and discretion whose usual duties or activities include prompt communication of such information to the person being served....

Ind.Rules of Civil Procedure 4.1(A)(4) (Proposed Final Draft 1968). The commentary on that part of the rule stated:

Subsection (4) is an innovation to Indiana practice and has been added to facilitate proper and efficient service. The phrase "person of suitable age and discretion whose usual duties or activities include prompt communication of such information" includes without limitation the defendant's immediate supervisor, a manager or person of supervisory authority over personnel or, if he willingly signs a receipt for the service, any other person who has managerial authority at such place of business.

*Id.* This Court struck Subsection (4) from the proposed rule, rejecting copy service at a place of employment as an unneeded and unwise divergence from Indiana practice. The other four statements regarding manner of service in Subsection A of the proposed rule were approved by the Court, enacted by the legislature, and make up the present rule.

In the present case, service of process upon LaPalme was designated in accordance with T.R. 4.1 in the form that the rule survived scrutiny by this Court and the Indiana legislature. This service was not achieved, and LaPalme did not appear at the proceeding before the default was entered. The personal process server simply left a copy of the summons and complaint intended for LaPalme with the legal manager for Danaca, not with LaPalme or at his home. While LaPalme was subject to an Indiana court's jurisdiction in the broader sense due to his alleged negligence in causing the accident in Indiana, the Lake Circuit Court could not properly assert personal jurisdiction over LaPalme where the summons was not served as designated upon the summons, nor as required by T.R. 4.1. Thus, the default judgment against LaPalme was void. Under this analysis, LaPalme is entitled to have the default judgement set aside.

■ The Romeros, appellees here, urge that the service of process was not defective, but was in conformity with the trial rules. T.R. 4.15(F) provides:

Defects in Summons. No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond.

T.R. 4.16 provides:

(A) It shall be the duty of every person being served under these rules to cooperate, accept service, comply with provisions of these rules....

(B) Anyone accepting service for another person is under a duty to:

(1) Promptly deliver the papers to that person;

(2) Promptly notify that person that he hold the papers for him; or

(3) Within a reasonable time, in writing, notify the clerk or person making the service that he has been unable to make such delivery of notice when such is the case.

There is nothing in either of these provisions that sanctions copy service by leaving the summons and complaint at the place of employment. The Indiana trial rules specify the acceptable methods for service upon a party to any action. Service may be made upon an individual by delivering a copy of the summons and complaint to him personally. T.R. 4.1(A)(2). A process server may leave a copy of the summons and complaint at the party's dwelling house or usual place of abode in order to perfect service. T.R. 4.1(A)(3). A copy of the summons and complaint, sent by registered or certified mail to the party, is adequate service. T.R. 4.1(A)(1). In certain circumstances, where the technical requirements of these rules are met, service upon the Secretary of State will suffice as valid. T.R. 4.4; T.R. 4.10. In this case, none of these forms of service of process were carried out.

■ We are able to distinguish *Spangler v. State* (1993), Ind., 607 N.E.2d 720, relied upon by the Romeros. In *Spangler*, a law enforcement official attempted to personally deliver a summons to appear upon an

individual, but that individual refused to accept delivery of the actual documents. There, in dicta, we stated that the service of process was sufficient.[1] In *Spangler,* the process server attempted to hand the notices directly to the individual being served, and actually read a copy of the summons to the individual. Here, there was no delivery of the court papers upon LaPalme, nor was there any reading of the summons or complaint to LaPalme. Further, Indiana case law holds that T.R. 4.15(F) only cures technical defects in the service of process, not the total failure to serve process. *Overhauser v. Fowler* (1990), Ind.App., 549 N.E.2d 71; *see also Southern Ind. Ry. Co. v. Indianapolis and Louisville Ry. Co.* (1907), 168 Ind. 360, 81 N.E. 65 (failure to serve process is not cured by a statute that allows defective service; the statute presupposes at least some kind of service upon the party). We find that the service of process upon La-Palme, via delivery to Danaca, was insufficient within the meaning of T.R. 4.15(F).

 In their final argument, appellees read the reasonableness requirement of T.R. 4.15 in conjunction with T.R. 4.16, the rule imposing a duty upon persons accepting service for another person. The Romeros argue that Danaca was under a duty to inform LaPalme of the lawsuit. This argument assumes that Danaca possessed the legal authority to accept service of process for LaPalme. As concluded above, Danaca had no such authority. We construe the clause in T.R. 4.16(B) that states, "Anyone accepting service for another person ..." to mean anyone *with authority* to accept service for another person. Indeed, the rules impose the duty of cooperation upon "every person being served *under these rules.*" T.R. 4.16(A) (our emphasis). The trial rules list those persons having the authority to accept service, such as the individual's agent, T.R. 4.1(A)(3); the Secretary of State, T.R. 4.10; an infant's next friend or guardian ad litem, T.R. 4.2; or with institutionalized individuals, the offi-

cial in charge of the institution, T.R. 4.3. The employer is not on the list. This Court and the legislature specifically deleted the provision allowing effective service of process for an individual upon delivery to the individual's employer. We decline to authorize this practice at this time.

The trial court's order denying the motion to set aside the default judgment as to Danaca Transport is affirmed. The order denying the motion to set aside the default judgment as to LaPalme is reversed with instructions to grant said motion.

DICKSON and KRAHULIK, JJ., concur.

SHEPARD, C.J., dissents.

GIVAN, J., dissents with opinion, in which SHEPARD, C.J., joins.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case in their holding that service upon LaPalme was not adequate. The majority cites a commentary which was made at the time of the adoption of Ind.Rules of Civil Procedure, Rule 4.1 and states that the Court at the time of adoption rejected Subsection 4, which is referred to in the commentary.

The rejected portion undertook to describe persons who would be acceptable to receive service. There was no attempt to strike out or qualify T.R. 4.1(A)(1), which reads as follows:

"[S]ending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter;"

There is no question that under the rule had a letter comporting with the rule been sent to LaPalme's place of business, it would have been adequate. In this instance, the delivery to the place of business in fact was superior to a delivery by mail.

---

**1.** T.R. 4.16(A)(2), effective January 1, 1993, specifically deals with the problem the defendant in *Spangler* presented.

It was delivered by a process server whose return was made to the trial court concerning such delivery. I believe such service was in substantial compliance with the rule.

The only issue which could favor LaPalme was not dealt with by the majority, that is, LaPalme's inadequate affidavit in which he stated at the time of the service he no longer worked for Danaca Transport Ltee. However, because of its inadequacy, the affidavit was not accepted by the trial court. In addition, there · is actually no claim by LaPalme that he had no knowledge of the pending lawsuit.

I would deny transfer in this case.

SHEPARD, C.J., concurs.