**Nathan ROBINSON, Plaintiff,**

**v.**

**Mr. TURNER, Associate Warden, Gene Finley, Unit Manager, Larry Davis, Case Manager, Mr. Ritmer, Lieutenant, Vic Manor, Staff Representative, Mr. Welch, Lieutenant, Gary Huss, Unit Manager, John Doe, Captain, Mr. Lash, Physicians Assistant, Mr. Reardon, Disciplinary Hearing Officer, Mr. Broomerkel, Case Manager, Mr. Woods, Guard, Mr. Kraftan, Guard, Mr. Atteberry, Guard, Defendants.**

**No. TH 90–91–C–T/H.**

United States District Court,
S.D. Indiana,
Terre Haute Division.

April 21, 1995.

---

**19.** And probably *should not* know these address-es.

John R. Davis, Madison, WI, for plaintiff.

Thomas E. Kieper, Asst. U.S. Atty., Indianapolis, IN, for defendant.

## ENTRY DISCUSSING DEFENDANTS' MOTIONS TO DISMISS

TINDER, District Judge.

### I. Introduction

This matter comes before the court on remand from the Seventh Circuit Court of Appeals. The remanded issue is whether Plaintiff, Nathan Robinson, effectuated service of process upon Defendants Davis, Huss, Finley, Brodmerkel, Reimer, and Manor pursuant to the Indiana Rules of Trial Procedure.[1] After consideration of the briefs and exhibits submitted by the parties, the court requested supplemental briefing as to the authority of mail room personnel to receive personal certified mail. Plaintiff failed to respond to the order, but the court did receive a brief from Defendants which clarified certain unresolved questions. Thus, for the reasons discussed below, the court finds that Defendants' motion to dismiss should be **GRANTED.** For a complete discussion of the background facts and procedural history, see the court's entry of February 6, 1995.

### II. MOTION TO DISMISS STANDARD

Defendants filed a motion to dismiss under Rule 12(b)(5) and 12(b)(2) of the Federal Rules of Civil Procedure for insufficiency of service of process and lack of personal jurisdiction. Rule 12(b)(5) provides for dismissal because of failure of service of process. Rule 12(b)(2) provides dismissal for lack of person-

---

1. Defendants Crafton, Woods, Atterbury, Welch, Turner, Rardin, Doe, and Lash were dismissed in the court's entry of February 6, 1995 because of insufficiency of service of process.

al jurisdiction. These motions are interrelated and often used interchangeably in this context. *See* 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE Civil 2d §§ 1351, 1353 (West 1990). Some courts do not make a distinction between the two motions because, where there has been insufficient service of process, the court does not have personal jurisdiction over the individual. *Rabiolo v. Weinstein,* 357 F.2d 167, 168 (7th Cir.1966), *cert. denied,* 391 U.S. 923, 88 S.Ct. 1816, 20 L.Ed.2d 659 (1968); *Young v. Internal Revenue Serv.,* 596 F.Supp. 141 (N.D.Ind.1984); *Overhauser v. Fowler,* 549 N.E.2d 71, 73 (Ind.Ct.App.1990); *Smith v. Tisdal,* 484 N.E.2d 42 (Ind.Ct.App. 1985).

 In order to withstand a motion to dismiss under either of these Rules, the party on behalf of whom service is attempted bears the burden of proving its validity. *Saez Rivera v. Nissan Mfg. Co.,* 788 F.2d 819, 821 (1st Cir.1986). Motions to dismiss are to be granted sparingly so parties are not denied the chance to have their substantive claims heard. *Huelsman v. Civic Center Corp.,* 873 F.2d 1171 (8th Cir.1989).

## III. DISCUSSION

### A. Election to Serve Under Federal Rules

 As an initial matter, Defendants raise a new argument in their supplemental brief. Defendants argue that, because Plaintiff included Notice and Acknowledgment Forms ("Forms") with the summons and complaint, he is precluded from now arguing that he attempted service pursuant to state law. The argument is based upon evidence that was not before the court when it initially granted Defendants' motion to dismiss, nor was the evidence before the Seventh Circuit at the time that court rendered its opinion. In fact, Plaintiff's attorney specifically told the Seventh Circuit that the Forms were not included. Relying upon that statement the court noted:

> Before this court, Mr. Robinson points to the absence of form 18–A, the acknowledgement of receipt required by Rule 4(c)(2)(C)(ii), to emphasize that he had re-

lied upon Rule 4(c)(2)(C)(i) in serving the defendants.

*Robinson v. Turner,* 15 F.3d 82, 85 n. 3 (7th Cir.1994). However, pursuant to discovery ordered by this court subsequent to the remand from the Seventh Circuit, it became clear that the Forms were indeed included. The inclusion of the Forms with the summons and complaint has devastating consequences for Robinson. Inclusion of the Forms prevents the plaintiff from "now retroactively characterizing [his] service attempt as having been made pursuant to state law." *Umbenhauer v. Woog,* 969 F.2d 25, 30 (3d Cir.1992); *see Robinson,* 15 F.3d at 85 (quoting the above language from *Umbenhauer* ). "The plaintiff[ ], through [his] inclusion of Form 18–A, obligated [himself] to comply with the requirements of the federal service of process rule." *Umbenhauer,* 969 F.2d at 30; *accord Armco, Inc. v. Penrod–Stauffer Bldg. Systems,* 733 F.2d 1087, 1089 (4th Cir.1984).

Plaintiff is, therefore, precluded from retroactively arguing that he attempted service pursuant to state law because the Form specifically states that service is being attempted pursuant to federal law:

> The enclosed summons and complaint are served pursuant to [the federal service provision] of the Federal Rules of Civil Procedure.

FORM 18–A. Parties may rely upon this Form and believe that service of process is being attempted pursuant to federal law. *Umbenhauer,* 969 F.2d at 30. Thus, Plaintiff cannot attempt service pursuant to federal law and then argue that service was accomplished pursuant to state law. As it is now clear that service was attempted pursuant to federal law, Defendants' motion to dismiss may be granted for this reason alone. The court has already found that service was not completed pursuant to federal law, thus the court lacks jurisdiction over the Defendants. However, in the interest of completeness, the court will discuss the efficacy of Plaintiff's attempted service pursuant to state law.

### B. Insufficiency of Service Under State Rules

 Plaintiff argues that he attempted service of process under Fed.R.Civ.P.

4(c)(2)(C)(i) and Indiana Trial Rule 4.1(A)(1). Even if this court does not lack personal jurisdiction for the reasons set forth above, the Defendants' motion to dismiss would be granted for insufficiency of service of process under the state rules. Indiana Trial Rule 4.1(A)(1) states:

Service may be made upon an individual . . . by:

(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgement of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter;

IND.TR.R. 4.1(A)(1) (1993). Plaintiff sent a copy of the summons and complaint by certified mail to Defendants' place of employment. He received receipts signed by the mail room clerk for most of the Defendants. On remand, the Seventh Circuit asks the court to address whether a mail room employee is authorized to receive service of process in the form of certified mail for other prison employees and, if so, whether that method satisfies due process requirements that the process be reasonably calculated to inform the individual.[2]

On the face of the Indiana Trial Rule, it appears that the Defendants were properly served because they were served by certified mail at their place of employment. However, the Indiana Supreme Court recognized an additional requirement for effective service of process if the process is received by anyone other than the defendant. *LaPalme v. Romero*, 621 N.E.2d 1102, 1106 (Ind.1993). Pursuant to Trial Rule 4.16(B), a person accepting service for another must have the authority to do so in order to be required to ensure delivery. *Id.* The plaintiff in *LaPalme* attempted to serve the defendant by copy service at work. Copy service is serving the individual by personally delivering a copy of the summons and complaint, as opposed to sending the summons and complaint through registered or certified mail.[3] The person who accepted the copy of the summons and complaint was not the defendant, but was the legal manager of the defendant's employer. The court found that service of process was inadequate because the legal manager was not authorized to receive service of process for the defendant.

Under *LaPalme*, the relevant inquiry is whether the mail room employees were authorized to sign for the certified mail containing the summons and complaint. If the mail room employees were authorized to sign for service of process, then Plaintiff adequately served Defendants because the mail room employees would then be under a duty to promptly deliver the papers to the addressee. However, if the mail room employees were not authorized to receive personal certified mail, then service was not adequate. Without authorization to receive personal certified mail, courts cannot be assured that the certified mail would be delivered to the correct person. There must be a reasonable degree of certainty that the particular method of service will get to the defendant so that the method will be reasonably calculated to inform the defendant of the suit as required by the United States Constitution and the Indiana Trial Rules.

■ Mail room employees are not authorized to receive personal certified mail for Defendants. The Bureau of Prisons grants the mail room employees actual authority to receive and sign for official certified mail. The Bureau does this by allowing the mail room employees access to the post office box utilized for the receipt of its mail.[4] However, the prison does not have the authority to permit the mail room personnel to receive

---

**2.** This is the standard required by the Due Process Clause of the Constitution and also by Rule 4.15(F) of the Indiana Trial Rules. In order to be adequate under both bodies of law, the service must be reasonably calculated to inform a defendant of the existence of a lawsuit.

**3.** Copy service at the individual's place of employment is not expressly permitted under the Indiana Trial Rules. On the other hand, mail service at the individual's place of employment, the method of service attempted in this case, is explicitly authorized by the Trial Rules. IND. TR.R. 4.1(A)(1).

**4.** The post office box is procured by government funds and access is restricted to specific designees of the warden.

personal mail for the guards. That authority would have to come from the individuals themselves. None of the individuals in this case gave the mail room personnel that authority. Moreover, except in limited circumstances, individuals in Defendants' positions are forbidden from delegating such authority. The Bureau of Prison's Mail Manual prohibits receipt of personal mail at work for prison personnel. Thus, Defendants could not delegate the authority for mail room personnel to receive their personal certified mail and still be in compliance with employer policy.

The procedures the Bureau of Prisons utilizes are intended to handle official mail. They do not have sufficient procedures to ensure that personal mail is delivered to the correct person.[5] For example, official certified mail can be signed for by mail room personnel. The certified mail would then be brought back to the prison where someone from the department to which the official mail is directed, not necessarily the addressee, would then retrieve the mail. The prison is not concerned with the exact person receiving the mail, so long as it goes to the right department. For prison purposes, anyone in that department should be able to take care of the prison business which the mail references. In fact, the individual may no longer even work for that department, or that prison. The procedures ensure that prison business is accomplished; however, they do not ensure that personal certified mail would get to the addressee.

The mail room employees also lack apparent authority to receive personal certified mail. Apparent authority exists if the principal "[p]lac[es] the agent in a position to perform acts ... which appear reasonable to a third party." *Warner v. Riddell Nat'l Bank,* 482 N.E.2d 772, 775 (Ind.Ct.App.1985). However, this authority must be based upon acts of the principal. *Id.* at 775. The principal, for the purposes of the case at bar,

would be the individual Defendants in this case. The individual Defendants did not do anything that could create apparent authority. Thus, Plaintiff cannot show any evidence of apparent authority.

■ There will be other cases, such as this one, where the person who signs for the certified mail is not authorized to do so. Thus, the question arises as to who should bear the burden of discovering that error— the plaintiff or defendant. This court believes the burden must fall upon the plaintiff. In the first case, the plaintiff is the one who determines which method of service of process will be used. A plaintiff can avoid this very problem by restricting delivery to addressee only. If plaintiff decides not to restrict delivery, the burden should be on him to determine whether the person who signed for the certified mail had the authority to do so. Not only does the plaintiff decide which method of service to attempt, it is also easier for the plaintiff to inquire about the authority of the signatory than for potential defendants to find individuals who might have signed for certified mail addressed to them. Thus, although the mail room employees signed the certified mail receipts in this case, Plaintiff should not be able to rely on that signature to show that service of process was completed.

Defendants' supplemental brief sets forth methods Plaintiff might undertake to effectuate service of process. This discussion clarified an area that the court perceived to be a potential problem. There are other alternatives, in addition to sending unrestricted certified mail to the prison, to effectuate service of process on prison guards. In the first case, as stated above, once Plaintiff realized that the mail was not signed for by the named Defendants, he could have attempted to re-serve the Defendants. There are several methods that could have effectively re-served the Defendants, or Plaintiff could

---

**5.** In fact, this unreliability has caused the United States and its facilities to be exempted from the federal waiver provisions of Federal Rule of Civil Procedure 4(d). The comments to the 1993 amendments state:

The United States is not expected to waive service for the reason that its mail receiving facilities are inadequate to assure that the no-

tice is actually received by the correct person in the Department of Justice. The same principle is applied to agencies, corporations, and officers of the United States and to other governments and entities subject to service under subdivision (j).

FED R.CIV.P. 4 (comments).

have used these methods initially. Certified mail can be sent to the guards via the Bureau of Prisons mail rooms with delivery restricted to the addressee. This method ensures that the delivery will reach the named addressee. The mail room staff do not pick-up restricted delivery certified mail. There is a procedure which allows mail staff to assist the postal service with notification of the individual addressee that certified mail, restricted delivery, awaits their personal pick-up at the post office. Another method that can be employed by prisoners is to ask the court for the assistance of the United States Marshal's Service to effect personal service. *See Sellers v. United States*, 902 F.2d 598 (7th Cir.1990). This method is very efficient because the marshals have a duty to try and locate the named defendant. *Id.* Once a defendant has been located, the marshal can call in advance of delivery to ensure that the named defendant is present at the institution. These alternative methods ensure that service of process can be completed by prisoners or prison guards.

## IV. CONCLUSION

Plaintiff did not adequately serve Defendants with the summons and complaint for this lawsuit. Therefore, the court **GRANTS** the motion to dismiss for Defendants Davis, Huss, Finley, Brodmerkel, Reimer,[6] and Manor. **JUDGMENT** will be entered accordingly.

---

6. Defendant Reimer is also dismissed because the burden was on Plaintiff to show that the misspelling of his name (Ritmer) did not prevent service of process. Plaintiff did not file a brief in response to the court's request for supplemental briefing on this issue. Thus, Defendant Reimer is dismissed. Of course, even if his name was not misspelled, his motion to dismiss would be granted for the reasons stated regarding the other defendants.