**Anna C. KENDALL, Appellant–Defendant,**

v.

**Michael J. PRIMMER, Ronald Johnson, Val Washington, Janet Sholtes, Geza Csapo, and Olga Csapo, Appellee–Plaintiff.**

No. 71A03–9507–CV–239.

Court of Appeals of Indiana.

Feb. 19, 1996.

Transfer Denied July 7, 1996.

William L. LaBre, LeBre & Brunier, Edwardsburg, Michigan, for Appellant.

Aladean M. DeRose, South Bend, for Appellees.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Anna C. Kendall appeals from the grant of summary judgment in favor of Michael J. Primmer, Ronald Johnson, Val Washington, Janet Sholtes, Geza Csapo, and Olga Csapo (collectively "plaintiffs") and against her in an action to enforce a judgment lien on real estate. The designated facts relevant to appeal are summarized below.

In 1968, Kendall, along with her husband and family lived and operated a seed, grain, and hardware business called Dollar Stretcher Products, Inc., (DSP) in Granger, Indiana. In April 1995, plaintiffs received a money judgment against DSP in the St. Joseph Superior Court as a result of various fraudulent transactions committed by the Kendalls and DSP.

Thereafter, Kendall's husband died. Kendall's last payment to plaintiffs relating to this judgment was in September 1986. As a result of her [1] failure to satisfy the judgment, plaintiffs filed the present action against Kendall in the St. Joseph Superior Court in January 1995. In their complaint, plaintiffs sought the satisfaction of the above judgment including sums reflecting statutory interest accrued since 1986.

Plaintiffs attempted to serve process on Kendall by leaving a copy of the summons at her last address known to them, the address used by the Kendalls during the prior lawsuit, see Ind.Trial Rule 4.1(A)(3) (service of

process by leaving copy of summons at dwelling house or usual place of abode). The address served was: "12085 Adams Road, Granger, IN 46530." At this address is a large tract of land which at the time of the 1985 judgment housed DSP and Kendall's residence. Before serving process, plaintiffs verified through St. Joseph County records that she still owns the property and receives her Indiana tax notices on the premises.

Kendall presently lives in Florida. Since 1987 she has rented the above residence to Bob Curtis. When Curtis obtained the summons, he placed it in another mailbox on the premises which he knew belonged to Don Kendall. Don uses this mailbox for business purposes and checks it regularly. Curtis has been friends with Don for years and knows that he is Kendall's son. Although Don was visiting Kendall in Florida at the time, Kendall's other son, Paul, retrieved the summons and forwarded it to Don in Florida who gave it to his attorney.

Thereafter, Kendall answered plaintiffs' complaint raising the affirmative defenses of lack of long-arm jurisdiction and defective service of process. After both parties filed motions for summary judgment, the trial court granted plaintiffs' motion in July 1995. This appeal ensued.

On appeal Kendall raises two issues which we restate as:

    (1) whether Indiana has long arm jurisdiction over Kendall; and

    (2) whether service of process was proper.

■ Initially, the parties disagree as to the nature of the present lawsuit. Plaintiffs allege at issue here is a judgment lien on Kendall's Indiana real estate. Kendall, however, characterizes plaintiffs' action as merely a complaint on a judgment debt. Plaintiffs contend Ind.Trial Rule 4.4(A) applies to establish Indiana's long-arm jurisdiction over Kendall. T.R. 4.4 provides, in pertinent part,

    **"(A) Acts Serving as a Basis for Jurisdiction.** Any person or organization that is a nonresident of this state ... submits to the jurisdiction of the courts of this state as to any action arising from the

---

**1.** Her son who was also a co-defendant in the original lawsuit had filed bankruptcy.

following acts committed by him or his agent:

(1) doing any business in this state; ...

(5) owning, using, or possessing any real property or an interest in real property within this state[.]"

Kendall, on the other hand, maintains T.R. 4.4 does not apply. She argues there is no causal relationship between a free-floating general judgment debt and the mere ownership of real property in this state.

Kendall misunderstands the threshold issue here and Indiana's basis for jurisdiction. IND.CODE § 34-1-45-2 (1993 Ed.) (judgment lien statute) provides, in pertinent part:

"Sec. 2. *All final judgments for the recovery of money or costs* in the circuit court and other courts of record of general original jurisdiction sitting in the state of Indiana ... *shall be a lien upon real estate and chattels real liable to execution in the county where, and only where, such judgment has been duly entered and indexed in the judgment docket* as provided by law, from and after the time the same shall have been so entered and indexed, and until the expiration of 10 (ten) years from the rendition thereof, and no longer[.] ..."

(Emphasis added.) *See Needham v. Suess*, 577 N.E.2d 965, 967 (Ind.Ct.App.1991) (where trial court in original judgment fails to specify security automatic provisions of judgment lien statute apply to transform money judgment into lien on debtor's real property located in county where judgment docketed). Plaintiffs' 1985 judgment was entered and docketed in St. Joseph County. Thus, they are correct to suggest they hold and the present lawsuit concerns a valid judgment lien on Kendall's real estate located there. Contrary to Kendall's assertions, jurisdiction does not exist here *solely* because Kendall owns land in Indiana. Rather, jurisdiction properly existed in plaintiffs underlying lawsuit because of Kendall's fraudulent business transactions committed in this state. *See* T.R. 4.4(A)(1). But for the valid judgment resulting from this underlying lawsuit and her ownership of land in St. Joseph County, Indiana, *see* T.R. 4.4(A)(5), the judgment lien at issue would not exist. IND. CODE § 34-1-45-2. Inasmuch as plaintiffs'

judgment lien necessarily arises not only from her Indiana business dealings, but her ownership of land in St. Joseph County as well, Indiana has jurisdiction. *See* T.R. 4.4(A)(1) and (5).

■ Kendall contends that even if Indiana has long-arm jurisdiction in the present case, plaintiffs are not entitled to relief because service of process was defective. In her argument, Kendall relies heavily on the holding in *LaPalme v. Romero*, 621 N.E.2d 1102 (Ind.1993). As Kendall points out, *LaPalme* dealt with the issue of the propriety of service of process at a defendant's place of employment.

In holding service in *LaPalme* to be insufficient, however, the Indiana Supreme Court found significant that plaintiff failed to attempt to serve defendant through use of any of the means provided for service under Ind.Trial Rule 4.1(A), i.e., service at his home, but instead only attempted to serve him at a *former* place of employment. Also, due to his failure to receive the summons, a default judgment was entered against him. *Id.* Specifically addressing the issue of whether Ind.Trial Rule 4.15(F) cures defects in service where a defendant fails to actually receive the summons, the *LaPalme* court further stated the rule "only cures technical defects in the service of process, not the total failure to serve process." *LaPalme* at 1106.

The circumstances presented here are distinguishable from those in *LaPalme*. Unlike the plaintiff in *LaPalme*, plaintiffs attempted to utilize at least one of the service tools set forth by Ind. T.R 4.1(A) by serving Kendall at her last residential address known to them. This address was not only the one used during the underlying lawsuit, but also had been located on the former situs of DSP, and her former residence.

Prior to service, plaintiffs' attorney checked the St. Joseph County records to verify their address information. Those records confirmed that Kendall still owns this tract of land and receives Indiana tax notices on the premises. She also currently owns the real estate and buildings surrounding

Curtis' rental home.[2] Moreover, unlike the defendant in *LaPalme*, Kendall did, in fact, receive the summons. *See Matter of R.L.W.*, 643 N.E.2d 367, 369 (Ind.Ct.App.1994) (citing *Storm v. Mills*, 556 N.E.2d 965 (Ind.Ct.App. 1990)) (actual knowledge of person served is relevant and probative to inquiry into likely efficacy of service employed). As the manner of service was "reasonably calculated to inform" Kendall of the pending lawsuit, *see* Ind.Trial Rule 4.15(F), service of process was not defective. There being no error, the decision of the trial court is affirmed.

Affirmed.

GARRARD and FRIEDLANDER, JJ., concur.

---

2. Kendall leases these buildings which include: a furniture store building in which other businesses are located, a building with a flower shop, a natural food store, an office, two buildings for a lawn and garden center, and a building with an appliance repair service center.