**Arvel Ray COLLINS, Appellant–Petitioner,**

v.

**Tara Lea COLLINS, Appellee–Respondent.**

No. 10A01–0308–CV–284.

Court of Appeals of Indiana.

March 23, 2004.

Michael K. Ausbrook, Bloomington, IN, Attorney for Appellant.

N. Lisa Glickfield, New Albany, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Arvel Ray Collins appeals the denial of his motion for relief from an Indiana trial court's 1990 order that awarded custody to Tara Collins Talbot ("Mother") and modified child support obligations, ordering Collins to pay $250 per month in child support. Collins raises three issues, but we find *sua sponte* the dispositive issue is whether the denial of his motion for relief from judgment was an abuse of discretion.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In 1984, Collins and Mother met in Quantico, Virginia, where Collins was sta-

tioned in the Marine Corps. Mother was eight months pregnant by another man. She and Collins began dating, and they married in May of 1984. Mother's child, J.C., was born, and shortly thereafter Collins received orders to leave for Japan.

In June of 1987, Collins returned to his parents' home in Antioch, California. Mother apparently left J.C. with Collins' parents in Antioch. In July 1988, Collins, while still living in California, obtained a divorce from Mother. The California divorce decree granted Collins sole physical custody of the minor child of the parties, J.C., granted Mother the right to visitation, and reserved the matter of child support.

While Collins was posted at Camp Pendleton, California, J.C. lived with Collins' sister and Mother visited J.C. there. In 1989, Mother appeared in Indiana with J.C. where she filed a verified petition to register an out-of-state decree assuming jurisdiction and a petition to modify dissolution decree. On January 8, 1990, Collins was served with the documents and a summons at Camp Pendleton, California.

On May 15, 1990, the court issued an order and found Collins in default because he was not present at the initial hearing. The trial court's order (1) found Mother lived in Indiana for more than one year; (2) assumed jurisdiction based on the finding; (3) found a substantial change of circumstance that made the California custody order unreasonable; (4) granted Mother full care, custody, and control of J.C.; and (5) ordered Collins to pay $250 per month in child support.

On May 31, 1990, Collins, who was still in the military, sent the trial court a letter requesting that the court reconsider its judgment. Collins' letter was filed with the court and the matter lay dormant until February 21, 2002, when Collins was contacted by a collection agency. Collins then filed a motion for relief from judgment under the Soldiers' and Sailors' Relief Act. On May 21, 2002, the court denied Collins' motion because he failed to file his request that the order be set aside within 90 days of leaving the military as required by the Soldiers' and Sailors' Relief Act.

On June 19, 2002, Collins filed a motion to correct error, challenging the trial court's subject matter jurisdiction. After a hearing, Collins' motion was denied. Collins now appeals.

## DISCUSSION AND DECISION

■ The grant or denial of a motion for relief from judgment under Ind. Trial Rule 60(B) is within the sound discretion of the trial court, and we will reverse only for abuse of that discretion. *Miller v. Moore*, 696 N.E.2d 888, 889 (Ind.Ct.App. 1998). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id.*

Collins is attempting to challenge the Indiana trial court's 1990 order modifying custody and child support as void for lack of subject matter jurisdiction because:

(1) The California court that issued the original divorce decree and custody order never relinquished its exclusive continuing jurisdiction in accordance with the UCCJA; (2) J.C. is not the child of the marriage; and (3) The trial court's May 1990 order was entered in direct contravention of the Parental Kidnapping Prevention Act.

(Br. of Appellant at 7–8.) We find none of the arguments Collins presents to be dispositive because Collins failed to timely move for relief from judgment pursuant to T.R. 60.

■ The ground Collins alleged for relief was that under the Soldiers' and

Sailors' Relief Act, the May 1990 default judgment against Collins should not have been entered. A default judgment plays an important role in the maintenance of an orderly, efficient judicial system as a weapon for enforcing compliance with the rules of procedure and for facilitating the speedy determination of litigation. *Green v. Karol*, 168 Ind.App. 467, 344 N.E.2d 106, 110 (1976). The decision whether to set aside a default judgment is given substantial deference on appeal. *LaPalme v. Romero*, 621 N.E.2d 1102, 1104 (Ind.1993). Upon a motion for relief from a default judgment, the burden is upon the movant to show sufficient grounds for relief under Ind. Trial Rule 60(B). *Id.*

T.R. 60(B) provides in pertinent part:

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error[;]

\* \* \* \*

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

\* \* \* \*

(6) the judgment is void;

(7) the judgment has been satisfied, released, or discharged, or a prior judg-

ment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

■ The trial court may relieve a party from a default judgment on one of several grounds set forth in T.R. 60(B). *LaPalme*, 621 N.E.2d at 1104. The court may relieve a party from an entry of default if "the judgment is void," T.R. 60(B)(6), or for "any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4)." T.R. 60(B)(8). According to T.R. 60(B), when a party seeks relief from judgment on the ground that the judgment is void, or for a reason under T.R. 60(B)(8), the motion "shall be filed within a reasonable time." *Kessen v. Graft*, 694 N.E.2d 317, 321 (Ind.Ct.App. 1998), *trans. denied.* The determination of what constitutes a reasonable time varies with the circumstances of each case. *Id.*

■ In his reply brief, Collins cites *Stidham v. Whelchel*, 698 N.E.2d 1152 (Ind.1998), and correctly asserts that the "reasonable time" limitation of T.R. 60(B) does not apply to a claim that a judgment is void under T.R. 60(B)(6).[1] There our

---

1. Collins argues this point for the first time in his reply brief. This argument was not presented in Collins' appellant's brief and is therefore waived. "No new issues shall be raised in the reply brief." Ind. Appellate Rule 46(C). However, we address his contention for the purpose of distinguishing *Stidham* from the present case.

supreme court held "a judgment that is void may be collaterally attacked at any time and that the 'reasonable time' limitation under Rule 60(B)(6) means no time limit." *Id.* at 1156.

*Stidham* involved a collateral attack on a judgment based on a motion for relief of judgment based on *lack of personal jurisdiction.* The defendant was a Kentucky resident against whom an Indiana default judgment had been entered in a paternity case. The *Stidham* case raised a Fourteenth Amendment long arm due process issue where the challenged service of process was by certified mail to an out of state defendant. The defendant in *Stidham* argued he could collaterally attack the default judgment in the trial court arguing lack of personal jurisdiction even though seventeen years had passed since entry of the judgment, and our supreme court agreed. *Id.*

Here, the trial court found Collins in default in May of 1990. Collins sent the trial court a letter requesting the trial court reconsider its judgment. Neither the trial court nor Collins did anything in furtherance of the matter until 2002. Only after being contacted by a Texas collection agency 12 years after the default judgment did Collins file a motion for relief from judgment under T.R. 60 asking for relief *under the Soldiers' and Sailors' Relief Act,* not under T.R. 60(B)(6) as a void judgment for lack of personal jurisdiction. Consequently, *Stidham* does not control this case.

▉ The Soldiers' and Sailors' Civil Relief Act of 1940 was enacted to protect "those who have been obliged to drop their own affairs to take up the burdens of the nation" from exposure to personal liability without an opportunity to appear and defend in person or through counsel. *Burbach v. Burbach,* 651 N.E.2d 1158, 1162 (Ind.Ct.App.1995) (*citing Boone v. Light-*

*ner,* 319 U.S. 561, 575, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943)). Such a judgment will remain valid until it is properly attacked by the serviceman pursuant to 50 U.S.C.App. § 520(4). *In re Paternity of T.M.Y.,* 725 N.E.2d 997, 1004 (Ind.Ct.App. 2000) (*citing Davidson v. General Fin. Corp.,* 295 F.Supp. 878, 881 (N.D.Ga. 1968)).

Section 520(4) of the Act provides:

> If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, *not later than ninety days after the termination of such service,* be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof.

(Emphasis added.)

▉ Therefore, Collins was required to challenge the judgment within ninety days after the termination of his service and prove that (1) he was prejudiced by reason of his military service, and (2) he had a meritorious defense to the underlying action. *Paternity of T.M.Y.,* 725 N.E.2d at 1004. He did not do this.

The trial court did not abuse its discretion in denying Collins' motion as he neither challenged the court's judgment within ninety days after the termination of his service, presented evidence of prejudice, nor presented a meritorious defense as

required by the Soldiers' and Sailors' Relief Act.

We affirm.

BAKER, J., and NAJAM, J., concur.