## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 17 2015, 8:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Jeffrey O. Meunier
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Steven L. Yount
Steven J. Kasyjanski
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bryan Jerman and Property Insurance Services, Inc., *Appellants-Defendants,* v. Cash-Pro, Inc., *Appellee-Plaintiff* | February 17, 2015 <br><br> Court of Appeals Case No. 49A02-1407-CC-453 <br><br> Appeal from the Marion Superior Court. <br> The Honorable Robert R. Altice, Jr., Judge. <br> Cause No. 49D05-1205-CC-19658 |

**Baker, Judge.**

[1] Bryan Jerman and Property Insurance Services (PIS) appeal the trial court's order denying Jerman's motion to set aside a default judgment. Jerman and PIS argue that they were never properly served with Cash-Pro's complaint against them and, as a result, the default judgment should have been set aside. Finding no error, we affirm.

## Facts

[2] During the relevant period of time, PIS had a checking account with Old National Bank (ONB). The signatory on the account was Jerman, and both Jerman's and PIS's addresses are listed on the contract as 2021 E. 52nd Street, Suite 217, Indianapolis, Indiana, 46250.

[3] On May 15, 2012, Cash-Pro, as an assignee of ONB, filed a complaint against PIS and Jerman for a checking account overdraft. The complaint alleges that on November 29, 2005, PIS deposited a check drawn on the account of GAB Robins North America for $60,000 (the GAB Check). ONB provided provisional credit for the GAB Check to PIS. On May 9, 2006, the bank of GAB demanded repayment from ONB after it received an affidavit of forgery regarding the GAB check. As a result, on May 22, 2006, the value of the GAB Check was debited from PIS's account, creating an overdraft of $29,452.93. Cash-Pro requested payment of the outstanding overdraft from PIS, but PIS refused to pay that sum. The complaint includes counts for the overdraft, fraudulent endorsement, corporate officer liability, and personal liability against Jerman.

[4]     Cash-Pro performed a search on LexisNexis to learn Jerman's address. That search revealed an address of 5736 Crittenden Avenue in Indianapolis. On May 16, 2012, the complaint and summons were served by copy service to Jerman at that address. On May 16, 2012, the Marion County Civil Sheriff served a copy of the complaint and summons to PIS at 2021 E. 52nd Street. The return of service bears a notation, "refused to sign[.]" Appellant's App. p. 9.

[5]     Neither Jerman nor PIS filed a response to Cash-Pro's complaint. On June 20, 2012, the trial court entered a default judgment in Cash-Pro's favor. There were a number of proceedings supplemental hearings. After a hearing held on August 13, 2013, the court issued an order to attorney David Kress to provide contact information for Jerman. On September 17, 2013, the trial court approved a rule to show cause against Jerman and PIS, which was sent to Jerman at a Post Office Box and email address provided by Kress. Jerman acknowledges that he received this document on October 10, 2013.

[6]     On January 29, 2014, Jerman filed a motion to set aside the default judgment. PIS did not file a motion to set aside the default judgment. The trial court held a hearing on Jerman's motion on May 2, 2014. In the pleadings and during the hearing, Jerman has made the following representations:

- In December 2006, he lived at 7401 North Layman Avenue in Indianapolis. Appellant's App. p. 43.
- In December 2006 he moved out of Indiana. *Id.*
- He has not maintained a residence in Indiana since December 2006. *Id.* at 47.

- Either when the complaint was filed in May 2012 or in 2006, Jerman lived on 86th Street in Indianapolis. Tr. p. 7.
- On the date of the hearing in May 2014, Jerman lived in Franklin, Indiana. *Id.* at 11-12.
- In 2012 and in 2014 when he filed the notice of appeal, Jerman lived in Rochester, New York. Appellant's App. p. 51-52; Notice of Appeal p. 1.
- Jerman admits that during the relevant period of time, he had a business at 2021 E. 52nd Street, but possibly denies that this business was PIS. Tr. p. 19-20.
- Jerman's friend, Bryce Hill, owns a residence at 5736 Crittenden Avenue. While Jerman never lived there, he has stayed at that residence for periods of time. Appellant's App. p. 48.

Having heard all of the evidence, including Jerman's multiple versions of residences, the trial court found that "it looks like you were served with this Complaint[.]" Tr. p. 17. The trial court also found that PIS was served with the complaint. *Id.* at 20-21. Consequently, the trial court denied Jerman's motion to set aside the default judgment. Jerman now appeals.

## Discussion and Decision

[7] In considering a trial court's ruling on a motion to set aside a default judgment, we afford substantial deference to the trial court's judgment. *Lapalme v. Romero*, 621 N.E.2d 1102, 1104 (Ind. 1993). We will not reweigh the evidence or assess witness credibility, and will reverse only for an abuse of discretion. *Id.* Jerman sought to set aside the default judgment pursuant to Indiana Trial Rule

60(B)(6).[1]  As the movant, Jerman bore the burden to present a sufficient ground for relief.  *Id.*

[8]  Initially, we note that while Jerman filed a motion to set aside the default judgment, PIS did not.  Consequently, PIS has waived any argument on appeal, and we will not consider it.

[9]  As for Jerman, the heart of his claim is that he was not properly served with the complaint.  It is well established that "[d]ue process requires service of notice in a manner reasonably calculated to inform the defendant of the pending lawsuit."  *Washington v. Allison*, 593 N.E.2d 1273, 1276 (Ind. Ct. App. 1992).  In particular, we must consider "the method of authorized service chosen in order to determine whether under the facts and circumstances of the particular case that method was best calculated to inform the defendant of the pending proceeding."  *Morrison v. Prof'l Billing Servs., Inc.*, 559 N.E.2d 366, 368 (Ind. Ct. App. 1990).

[10]  Cash-Pro served the complaint by copy service at a residence on Crittenden Avenue and by personal service at PIS's address on East 52nd Street.  As for the residence on Crittenden Avenue, Cash-Pro located this address by performing a search on LexisNexis.  And while Jerman did not consider this address to be his

---

[1] Although certain motions made pursuant to Trial Rule 60(B) require that the movant also establish a meritorious claim or defense, a motion made pursuant to Rule 60(B)(6) does not contain that requirement. The trial court found that in addition to failing to establish that he did not receive proper service, Jerman also failed to establish a meritorious claim or defense.  We need not address this issue as the motion was made pursuant to Rule 60(B)(6).

residence, he admits that he knows the owner and has stayed there for periods of time.

[11] As for the address on East 52nd Street, the ONB contract lists this address as both PIS's and Jerman's. Jerman was a signatory on the ONB account and admittedly endorsed the check at issue in Cash-Pro's complaint. Jerman admits that he had a business on East 52nd Street. The Marion County Civil Sheriff served the complaint and summons to PIS in care of Jerman, listed as its registered agent,[2] on East 52nd Street. Someone was there to accept these documents but "refuse[d] to sign" them. Appellant's App. p. 8-9.

[12] We find that Cash-Pro's attempts to serve Jerman were done in a manner reasonably calculated to inform him of the pending lawsuit. These attempts, which continued during proceedings supplemental, were more than a "mere gesture," and were instead genuine endeavors to locate and serve him. *In re Adoption of L.D.*, 938 N.E.2d 666, 671 (Ind. 2010). Under the circumstances, these methods were the best calculated methods to locate and serve Jerman.

[13] Having heard all of the evidence, the trial court concluded not only that Cash-Pro's attempts were reasonably calculated to apprise Jerman of the lawsuit, but

---

[2] Jerman denies that he was PIS's registered agent. In his affidavit, he claims that a page from the Indiana Secretary of State is attached to support this claim, but no such document is attached. Appellant's App. p. 51-53. Inasmuch as we are not considering claims related to PIS in this appeal, however, resolution of this issue is unnecessary.

that he *actually received* the complaint and summons. Tr. p. 17. In *Washington*, this Court considered a similar situation:

> As the exclusive judge of the weight of the evidence and the credibility of the witnesses, the trial court was not bound to credit Dr. Washington's self-serving testimony denying notice of the pending lawsuit . . . . In addition, while Dr. Washington testified he did not receive copies of the summons, complaint, or any other pleading, order, or judgment . . . , his affidavit in support of his motion to set aside the judgment of default and the default judgment, received in evidence at the hearing on his motion, is not consistent with his testimony. . . . This conflict in Dr. Washington's testimony . . . and the court's discretion to disregard Dr. Washington's self-serving assertions, support the trial court's determination that Dr. Washington had notice of the pending lawsuit . . . .
>
> ***
>
> The trial court's decision not to set aside the judgment of default or the default judgment does not constitute an abuse of discretion. We will not reconsider the issue of Dr. Washington's credibility.

*Washington*, 593 N.E.2d at 1276-77.

In this case, as in *Washington*, the trial court was not bound to credit Jerman's self-serving testimony. Given the multiple versions of Jerman's and PIS's addresses, as well as the murky corporate structure of PIS, the trial court did not abuse its discretion by implicitly concluding that Jerman attempted to obfuscate his location and responsibility and attempted—unsuccessfully—to avoid accepting service of the complaint. We will not reconsider the trial court's assessment of Jerman's credibility or its conclusion that Jerman, in fact, received service of the complaint and summons. In other words, we find that the trial court did not abuse its discretion in denying the motion to set aside the default judgment.

The judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.