In the

# United States Court of Appeals

### For the Seventh Circuit

No. 02-1675

RICHARD CLAUS,

*Plaintiff-Appellant*,

*v.*

BRETT MIZE,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 01-C-538—**Robert L. Miller, Jr.**, *Judge.*

ARGUED NOVEMBER 4, 2002—DECIDED JANUARY 23, 2003

Before BAUER, KANNE, and EVANS, *Circuit Judges*.

KANNE, *Circuit Judge*.    Following an incident that occurred during a training exercise, Richard Claus, a former officer for the Indiana Department of Correction ("IDOC"), filed this § 1983 claim against fellow IDOC officer Brett Mize. The district court clerk entered a default against Mize, but that entry was set aside when the district court determined that service of process upon Mize was insufficient. For the reasons set forth below, we affirm the decision of the district court.

## I. History

At the time this suit was filed, both parties were employed by the IDOC as correctional officers. They worked,

however, at separate IDOC facilities: Mize was employed at the Wabash Valley Correctional Facility at Carlisle in southwestern Indiana, while Claus worked at the Indiana State Prison at Michigan City in northern Indiana. In June 1999, Claus attended an annual IDOC training exercise in Michigan City for the use of a particular type of police baton. Mize came from the Wabash Valley facility to conduct the training. During the exercise, Mize struck and broke a baton that Claus was holding, sending fragments of the broken baton into Claus's face and causing injury.

In June 2001, Claus filed suit in state court against Mize, the IDOC, and the State of Indiana, alleging violations of 42 U.S.C. § 1983. A month later the case was removed to the United States District Court for the Northern District of Indiana. The district court granted the IDOC's and the State of Indiana's motion to dismiss, noting that the case against Mize remained pending. Mize never responded to the complaint, and the district court clerk entered a default against him on October 25, 2001. Mize responded on November 30, 2001, with a motion to set aside the clerk's entry of default and a motion to dismiss for lack of personal jurisdiction based on insufficient service of process.

Claus had attempted to serve process on Mize pursuant to Indiana Trial Rule 4.1(A)(1), which allows service by sending a copy of the summons and complaint by certified mail to the defendant's "place of business or employment." Rather than sending the summons and complaint to the Wabash Valley facility, however, Claus sent them to the IDOC's central office in Indianapolis, addressed to "Officer F/N/U Mize c/o Indiana Department of Corrections, 302 W. Washington Street, Indianapolis, IN 46204-2760."

Phyllis Wakefield, a mailroom employee at the IDOC's central office, allegedly signed for the mail. In her declara-

tion, Wakefield stated that she was not familiar with Mize and was not authorized by him to accept certified mail. She asserted that upon receipt of certified mail for an employee, her general practice was to attempt to locate the employee even if she was not familiar with the individual. If she was unable to locate the addressee, she would generally return the mail to the post office. She maintained that she did not recall locating Mize, forwarding any letter to him, or returning one to the post office. According to Mize, he never received a copy of the summons and complaint, and Claus does not dispute this fact.

The district court found that service on Mize was insufficient. According to the court, Claus did not comply with Indiana Trial Rule 4.1 because the summons and complaint were sent to the IDOC's central office while Mize's place of employment was the Wabash Valley facility. Consequently, the district court granted Mize's motion to dismiss for lack of personal jurisdiction and set aside the entry of default.

## II. Analysis

We review a district court's dismissal of a case for lack of personal jurisdiction under a *de novo* standard. *Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996). The plaintiff bears the burden of showing that personal jurisdiction over the defendant exists. *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). Federal Rule of Civil Procedure 4(e)(1) provides that federal courts will have personal jurisdiction over a defendant if service is effected pursuant to the law of the state where the district court is located. FED. R. CIV. P. 4(e)(1) (2002). Therefore, we must look to Indiana law to determine if process was sufficiently served. Indiana law provides:

> Service may be made upon an individual . . . by: (1) sending a copy of the summons and complaint by registered or certified mail or by other public means by which a written acknowledgment or receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter.

IND. T. R. 4.1(A)(1). As noted above, Claus attempted to serve process by sending the complaint and summons via certified mail to the IDOC's central office in Indianapolis rather than the Wabash Valley facility at which Mize actually worked. Thus, the question before us is whether the phrase "place of business or employment" can be read broadly enough to include not only the place where a defendant reports to work but also the headquarters of the defendant's employer.

As Indiana courts have yet to interpret the scope of "place of business or employment," Claus is unable to offer any law to support his assertion that the phrase should be read so broadly. Our interpretation of the phrase "place of business or employment" leads us to believe that a plaintiff must serve a defendant at a location where he actually reports for work. Had the drafters of the rule wanted to allow service at a geographically separated headquarters, language such as "at the individual's employer" might have been more apt.

As constructed, it is our view that "place of employment" connotes the physical location at which the defendant works. From a practical standpoint, if a plaintiff were allowed to serve a defendant at a geographically separated headquarters, the chances that the defendant would fail to receive service in time to respond to a complaint would be greatly increased. This would be particularly so in large businesses and governmental organizations, like the IDOC, which may have scores of facilities

and thousands of employees. In this case, for example, the IDOC operates 24 adult institutions scattered throughout Indiana and employs more than 8000 personnel in those various institutions.

Therefore, we find that the phrase "place of business or employment" should not be given the broad interpretation that Claus urges, and Claus's attempted service at the IDOC's central office did not comply with the requirements of Indiana Trial Rule 4.1.

Claus next argues that even if he did not strictly comply with Indiana's service requirements, service was still sufficient under Indiana Trial Rule 4.15(F), which provides:

> *Defects in summons.* No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond.

IND. T.R. 4.15(F). We disagree.

First, it is not at all clear from Indiana case law that T.R. 4.15 applies to Claus's situation. The Indiana Supreme Court has explicitly stated that "T.R. 4.15(F) only cures technical defects in the service of process, not the total failure to serve process." *LaPalme v. Romero*, 621 N.E.2d 1102, 1107 (Ind. 1993). Arguably, mailing the summons and complaint to IDOC headquarters, a place where Mize did not work, is more than a technical defect. Indeed, in *Robinson v. Turner*, a case with some similarity to this one, the District Court for the Southern District of Indiana held that T.R. 4.15 did not apply when the plaintiff attempted to serve the defendants at a place where they did not work because "failure to serve Defendants at their place of employment constituted a complete failure of service of process rather than a technical failure

of service of process." 886 F. Supp. 1451, 1458 (S.D. Ind. 1995).

Even assuming, however, that the defect here is merely technical and that T.R. 4.15 could apply, it would still be the case that Claus's attempted service of process at the IDOC's central office in Indianapolis could not be "reasonably calculated to inform the person to be served." IND. T.R. 4.15(F). In arguing that service was sufficient, Claus notes that the training session at which the incident occurred was a mandatory IDOC exercise, and that Mize was sent there by the IDOC to conduct the exercise. Further, he asserts that he did not know anything about Mize other than that he was employed by the IDOC. According to him, it would be too great a burden to require him to serve process at each individual IDOC facility; thus, Claus maintains that it was reasonable for him to send the summons and complaint to IDOC headquarters.

We do not find this argument availing. Claus would not be required to serve process at every IDOC location, just the location where Mize actually worked. As the district court noted below, it is not unfair to require a plaintiff who chooses to serve a defendant at his place of employment to serve the defendant where he actually works. That is especially true here. Claus himself was an IDOC correctional officer for nine years, so we doubt it would have been excessively burdensome for him to discover where Mize actually reported to work. Further, to satisfy the "reasonably calculated" requirement, there must be a "reasonable degree of certainty" that the method chosen will actually get the papers to the defendant. *Robinson*, 886 F. Supp. at 1455. As we noted above, in large organizations, like the IDOC, serving process at the central office will greatly decrease the likelihood that it will ever reach the defendant. And Claus, as an IDOC officer himself, should have known that IDOC officers do not generally receive mail at the central office and there-

fore that the likelihood Mize would receive the complaint and summons was diminished substantially by sending them to the IDOC's headquarters in Indianapolis.

## III. Conclusion

For the reasons discussed above, we agree with the district court's finding that there was insufficient service of process. Therefore, the district court's decision to set aside the clerk's entry of default and grant Mize's motion to dismiss for lack of personal jurisdiction is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*