NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2014[*]
Decided November 5, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-2090

| | |
|---|---|
| MARTIN C. GOLUB, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
|     *v.* | |
| | No. 1:11-cv-875-RLY-DML |
| UNITED STATES OF AMERICA, et al., | |
|     *Defendants-Appellees.* | Richard L. Young, |
| | *Chief Judge.* |

**O R D E R**

Martin Golub has sued the United States and numerous federal officials, asserting that Secret Service agents unlawfully surveilled him for over a year. Because some defendants were not served and the claims against the others are legally insufficient, we affirm the district court's judgment dismissing the complaint.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Golub alleges that a Secret Service agent nicknamed McKenzie told him that a four-person team from the Secret Service was assigned to surveil him from March 2010 to April 2011. He accuses the team of spying on him at his home, his doctor's office, and his synagogue, and of seizing his papers and computer data. He pursued two forms of administrative relief. First, he brought thirty-eight administrative claims (all rejected) against the Department of Homeland Security, the parent agency of the Secret Service, *see* 18 U.S.C. § 3056, for violations of the Federal Tort Claims Act, s*ee* 28 C.F.R. § 14.2. Second, under the Freedom of Information Act, 5 U.S.C. § 552, he asked the government to produce documents about those spying on him. The government later gave him an affidavit asserting that the Secret Service does not have any responsive documents.

After pursuing these administrative remedies, Golub turned to federal court. He has sued, both personally and officially, four Secret Service agents, two by name and two as "Jane Does." He also sued three Secret Service supervisors and an official from Homeland Security in their official capacities only. And he sued the United States itself. He seeks three types of relief: (1) damages against the individual defendants sued personally; (2) mandamus relief (to end the spying) against the Homeland Security official, the three Secret Service supervisors, and the four Secret Service agents sued officially; and (3) damages from the United States under the Federal Torts Claims Act for intentional infliction of emotional distress. (Golub supplemented his complaint to add a claim under the Freedom of Information Act, but he has abandoned it on appeal, so we discuss it no further. *See Powers v. Richards*, 549 F.3d 505, 512–13 (7th Cir. 2008).)

Golub asked the district court to default the Homeland Security officer and the four Secret Service agents, but the court denied his request because he had not served them. Golub submitted to the court three sets of documents related to service: (1) affidavits of personal delivery of the summons and complaint to the U.S. Attorney's Office for the Southern District of Indiana; (2) affidavits of certified-mail delivery of those same documents to the U.S. Attorney's Office in Washington, D.C., and the agency offices of the Secret Service and Homeland Security, although the certificate-mail receipt for Homeland Security lacks a delivery address or signature; and (3) an affidavit of personal service on a Secret Service agent at the Indianapolis Secret Service office. Appearing on behalf of only the United States and the three Secret Service supervisors, a government attorney explained that the defendants targeted in the motion for default (the two named Secret Service agents, the two Jane Doe agents, and the one Homeland Security official) were unknown to the government. Accepting that Golub had not served these defendants, the district court denied the motion for default.

The district court dismissed the complaint in stages. First, before it ruled on the request for a default judgment, it gave Golub a year to identify and serve the two Jane Does. During that time, it denied his request to compel discovery of their names because Golub failed to comply with the meet-and-confer requirement of Federal Rule of Civil Procedure 37. Ten months after his last extension of time to identify the Jane Doe agents, Golub had not named them, so the district court dismissed them.

Second, the district court dismissed the claims against the defendants whom the government represented. It reasoned that all of the claims were legally insubstantial, *see Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1256 (7th Cir. 1994), some were barred by sovereign immunity, and mandamus relief was not available for the others because Golub had not alleged a clear duty that the defendants breached. Finally, the district court denied Golub leave to file a second amended complaint because the amendment just repeated his earlier allegations.

On appeal Golub challenges the denial of a default judgment, the dismissal of his complaint, and the refusal to allow a further amended complaint. We begin with his argument that the district court should have defaulted the Homeland Security officer and the four Secret Service agents who never appeared. Before the district court may default a defendant, the plaintiff must prove service. *See* FED. R. CIV. P. 4(l); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (noting plaintiff has burden of showing proper service of process); *United States v. Kramer*, 225 F.3d 847, 857 (7th Cir. 2000) (observing that default judgment rendered without personal jurisdiction is void). Golub did not meet his burden here.

First, the court did not abuse its discretion, *see Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005), by refusing to default the Homeland Security official. Golub sued her in her official capacity, so he had to show that he served process at the agency's office. *See* FED. R. CIV. P. 4(i)(2). But the certified-mail receipt for the Homeland Security officer contains no address or signature. Golub thus lacked a prima facie showing of service on that official-capacity defendant. *See Relational, LLC v. Hodges*, 627 F.3d 668, 672 (7th Cir. 2010) (observing that prima facie showing of proper service requires signed return of service naming recipient and specifying when and where service occurred). And because Golub never served this official, the district court correctly dismissed her. *See Cardenas*, 646 F. 3d at 1005.

Second, the district court properly refused to default the four Secret Service agents. Golub never served the two named Secret Service agents in their personal

capacities. (We address the official-capacity claims later.) Although he submitted a signed receipt from an employee in the Indianapolis office, the signature is not from either of the two named agents, and the government reported that the agents did not work at the Indianapolis Secret Service. Because Golub needed to serve them personally in order to obtain a judgment against them personally, *see* FED. R. CIV. P. 4(i)(3); 4(e), Golub's service was defective. *See Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003) (holding that, under Indiana rules, service at defendant's place of business must be at location where defendant actually works). And because Golub never showed that he served them, their dismissal was proper. *See Cardenas*, 646 F. 3d at 1005.

Likewise, Golub never served the two Jane Doe defendants, so they too were properly dismissed. Golub contends that the district court should have compelled discovery of their names instead of dismissing them. Although a district court should generally help a pro se plaintiff discover the names of civil-rights defendants, *see, e.g., Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996), the court did not err because the government did not know their names: Golub received the government's affidavit asserting that the Secret Service does not have documents reflecting the names of *any* agents who are spying on Golub. This affidavit is all that Golub could have received had the court granted his motion to compel. *See* FED. R. CIV. P. 33(b)(3).

Golub next attacks on three grounds the district court's dismissal of the served defendants (the three Secret Service supervisors sued in their official capacities and the United States). He argues first that, because he had pending motions to amend his complaint, the district court should not have dismissed his standing complaint before considering the amendment. But Golub had already amended his complaint once, so further amendments required the court's permission. *See* FED. R. CIV. P. 15(a)(2); *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012). And Golub's proposed amendments added nothing new to the complaint; thus the court reasonably denied the motion to amend. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

Second, Golub argues that his official-capacity claims were sufficient to challenge the agency's decision to spy on him, but he is incorrect. Official-capacity claims are claims against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Generally a request that a court overturn a federal agency's official decision must proceed under the Administrative Procedures Act, *see* 5 U.S.C. §§ 702, 704; *Bennett v. Spear*, 520 U.S. 154, 175 (1997), and that Act limits the scope of judicial review, *see* 5 U.S.C. §§ 701(a), 706. Golub does not invoke the Act in this court or discuss those

limits, nor did he give the district court or the agency an opportunity to address the Act. Therefore relief under the Act is forfeited. Golub instead requested mandamus relief against the three Secret Service supervisors. But mandamus relief is unavailable because he has not identified a non-discretionary duty that the defendants were required to perform. *See Iddir v. I.N.S.*, 301 F.3d 492, 499–501 (7th Cir. 2002).

Third, Golub contests the district court's dismissal of his claim against the United States under the Federal Torts Claims Act, but dismissal was proper because he failed to state a claim for intentional infliction of emotional distress under Indiana law. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) (explaining that FTCA requires application of state tort law); *Russ v. United States*, 62 F.3d 201, 204 (7th Cir. 1995). Under Indiana law this tort requires the plaintiff to allege that the defendant intentionally or recklessly caused severe emotional distress. *Alexander v. United States*, 721 F.3d 418, 424 (7th Cir. 2013); *Williams v. Tharp*, 914 N.E.2d 756, 769 n.4 (Ind. 2009). But Golub alleges that Secret Service agents conducted surveillance surreptitiously. Secretive conduct is, by definition, *not* intended to inflict distress because it is intended to remain hidden. Even though Golub asserts that the agent nicknamed McKenzie revealed the surveillance to him, he asserts that she did so to help him, not to cause him distress. The district court's dismissal of this claim against the United States was therefore appropriate.

Golub refers to other statutes in both his complaint and appellate brief, but he develops no argument based on them. Thus we do not discuss them. *See Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005).

AFFIRMED.